Chapman *v.* Atlantic & St. Lawrence Rail Road Company.

CHAPMAN *versus* ATLANTIC AND ST. LAWRENCE RAIL ROAD COMPANY.

By § 5, c. 9, of laws of 1842, rail road companies are made liable for injuries by fire, communicated by their locomotives, to buildings or *other property*, and may effect insurance thereon in their own behalf.

Chapman *v.* Atlantic & St. Lawrence Rail Road Company.

This statute liability is limited to property of a *permanent* nature, and on which insurance may be effected.

For injuries to *other property*, by fire, they will only be responsible in consequence of negligence, unskilfulness or imprudence in running or conducting their locomotives.

ON EXCEPTIONS from *Nisi Prius*, WELLS, J., presiding.

CASE for the recovery of damages for loss by fire, of a quantity of cedar posts.

The plaintiff in the winter of 1851, deposited a lot of cedar posts upon the land of another, by his consent, some five or eight rods from the rail road track of defendants. In October, 1852, fire was communicated from the defendants' locomotive, rightfully running upon their track, to some combustible matter near the posts, which afterwards reached and consumed them.

The defendants requested several instructions to the jury, all of which were refused.

It becomes necessary to state only the second and tenth refused instructions.

2. That if the jury find the defendants were fully authorized to run their locomotive on and over the rail road at the time and place mentioned, for the transportation of passengers, they are not to be held liable in this action, unless there is satisfactory proof that the defendants or their agent or agents were guilty of negligence, unskilfulness or imprudence in running or conducting said locomotive at the time.

10. That the statute of 1842, c. 9, § 5, does not apply to wood or movable property, but to permanent property or erections made on the land.

A verdict was returned for plaintiff, and the defendants excepted to the refusal of the Court to give the instructions by them requested.

*O'Donnell* and *W. P. Fessenden*, for defendants, argued in support of the positions taken by them at the trial, which were drawn up in their requested instructions. They cited R. S., c. 81, § 21; *Batchelder* v. *Heagan*, 18 Maine, 32; *Clark* v. *Foot*, 8 Johns. 421; *Barnard* v. *Poor*, 21 Pick. 378.

*May*, for plaintiff, submitted a written argument, in which he maintained that the plaintiff's remedy depended upon the statute alone, and that all the ingredients which the statute contemplates concurred in favor of his client.

1. Here was an injury done to a building or *other* property belonging to *some* person.

2. That person was the plaintiff.

3. The injury was done by fire communicated by a locomotive engine of some rail road corporation.

4. That corporation is the defendants.

5. That the property injured was " along its route," or in other words adjacent or near it.

There is nothing in the statute to limit its meaning to *permanent* property. The words " other property" include any visible, tangible property liable to take fire.

The principles on which the case should be decided, are fully sustained in *Hart & al.* v. *Western R. R. Co.* 13 Met. 99; *Lyman* v. *Boston & Worcester R. R. Co.* 4 Cush. 288.

RICE, J. — This action is founded upon the fifth section of chapter nine of the laws of 1842, which is as follows : —

" When any injury is done to a building or other property of any person, or corporation, by fire communicated by a locomotive engine of any rail road corporation, the said corporation shall be held responsible in damages to the person or corporation so injured ; and any rail road corporation shall have an insurable interest in the property for which it may be so held responsible in damages along its route, and may procure insurance thereon in its own behalf."

The language in the first part of this section is very broad and general in its terms, and if applied without qualification or restriction will include injuries to every species of property by fire communicated by a rail road locomotive engine.

No case has heretofore been presented for adjudication in this State under this section of the statute. In Massachusetts, under a statute of which the section above quoted

'is an exact transcript, it has been held that a rail road corporation is liable for injuries occasioned to buildings situated along the route of its road, by fire communicated, directly or indirectly, by its locomotive. *Stewart & als.* v. *Western R. R. Co.* 13 Met. 99.

It is contended by the defendants, in this case, that the liability imposed by the statute extends only to permanent property, or erections made on the land, but does not apply to wood or movable property.

In determining the true construction of a statute, all its provisions should be taken into consideration, in order to ascertain the true object and intention of the Legislature.

For this purpose the latter clause of the section referred to is of much importance, as it may serve to explain, and to some extent qualify, the first clause of the same section.

By the principles of the common law, persons in the legitimate pursuit of a lawful business, or in the performance of acts authorized by law, are only liable for such injuries resulting therefrom to others, as are occasioned by negligence, misconduct or carelessness. Independent of special statute provisions, such only would be the liability of rail road corporations. By the terms of their charters, they are authorized to use locomotives propelled by steam. If it be said that owners of property along the route of such roads are subjected to greater hazards from these locomotives, than from other agents used for propelling vehicles for transportation of passengers and merchandise, it may be answered, that an equivalent compensation is supposed to have been rendered in the form of damages, when the road was originally located. That in estimating such damages, the purpose for which the land taken was to be used, and the manner of its use were as well to be considered, as the amount of land actually taken.

The statute does, however, impose additional liabilities upon corporations using this kind of motive power. But while it thus, probably for the purpose of insuring extraordinary care, imposes these additional liabilities upon rail

road corporations, it also authorizes them to protect themselves from loss, by insuring the property along their route; for injury to which by fire, they are made responsible. Their right to insure is coëxtensive with their liability, in case of loss. To make this right to insure property, of any practical value to the corporation, the property must be of such a character and so situated, as to render insurance practicable by the use of reasonable diligence. The locomotive is confined to the track of the road and cannot be diverted from its course to avoid combustible materials which may be deposited along its route. To hold that the liability extends to those articles of movable property, which have no established location, but may be deposited and removed with such facility as to render insurance impracticable and unavailing, would be unreasonable, as it would extend the liability of those corporations far beyond the means afforded for their protection. This manifestly is not the intention of the statute.

In the case already cited from the 13 Met., the Court, in speaking of this clause of the statute, say, " those latter words, we think, describe buildings being near and adjacent to the route of the rail road, so as to be exposed to the danger of fire from the engines, but without limiting or defining their distance." Again, in the same case, the Court remark, the " effect of the statute is to diminish the specific risk to which buildings may be exposed, &c." These citations are not made as *direct authority* in this case, because the point now under consideration was not then distinctly before the Court, but as tending to elucidate the construction we now give to the statute.

In view of these considerations, the conclusion to which we have arrived is, that the liability of rail road corporations, under this statute, extends only to property permanently existing along their route, and capable of being insured, and that as to movable property, having no permanent location, the liability of such corporations is to be determined by the principles of the common law. The second requested in-

struction should therefore have been given. It is not deemed necessary to discuss the other points raised in the case.

*Exceptions sustained. Verdict*
*set aside, and a new trial granted.*

SHEPLEY, C. J., and HATHAWAY and CUTTING, J. J., concurred.