## HOOKSETT *v.* CONCORD RAILROAD.

The Revised Statutes, chapter 142, section 8, provide that "every rail-road corporation shall be liable for all damages which shall accrue to any person or property within this State by fire or steam from any loco-motive or other engine on said road." They also provide that every such corporation shall have an insurable interest in all property situated on the line of such road.—*Held*, that by these provisions, railroad cor-porations are liable for the destruction of property caused by fire from their locomotives, although not directly and immediately communicated from them.

The plaintiffs' bridge was situated three and a half rods from a bridge of the defendants. The latter was burned by fire communicated from the defendants' engine; and while burning, the fire therefrom communicated to the plaintiffs' bridge and it was thereby destroyed.—*Held*, that under the statute, the railroad corporation was liable for the damages caused by the destruction of the plaintiffs' bridge.

CASE upon the statute, to recover damages for the burn-ing of a highway bridge over the Merrimack river, in said town of Hooksett. For the purpose of settling the questions of law, it was agreed that on or about the first of October, 1857, an engine of the defendant corporation, attached to the regular freight train, passing over the road of the cor-poration, and through their bridge over said river, in Hooksett, about midnight, fire from the engine communi-cated with the railroad bridge, and set the same on fire, and it was consumed; and in burning, the fire therefrom communicated with the highway bridge of the plaintiffs, which was three and a half rods distant from the railroad bridge, and set the same on fire, and it was thereby con-sumed.

*Flint & Bryant*, for the plaintiffs.

1. Every railroad corporation shall be liable for all dam-ages which shall accrue to any person or property in this State, by fire or steam from any locomotive or other engine on such road. Comp. Stat. 353, sec. 59. No language

could more clearly embrace this case. The law imposes the risk on the party who controls the agencies which cause the injury, and in this respect follows the current of English decisions, where no statute provisions have been made. Redfield on Railways 178, 179.

2. The corporation obtains under its charter extraordinary privileges, and it is in accordance with sound public policy to hold them responsible for all losses occasioned by them. *Lyman* v. *F. R. R.*, 4 Cush. 288.

3. The question raised in this case has been settled in a learned opinion of Ch. J. *Shaw*, based upon a statute less general in its provisions than our own. *Hart* v. *West. R. R. Co.*, 13 Met. 103 ; Redfield on Railways 358, 359.

*George & Foster*, for the defendants.

The defendants are liable, if at all, by virtue of sections 59 and 60 of the law relating to railroad corporations. Comp. Stat. 353.

This statute must be construed strictly, because it takes away a common law right. If construed strictly the proximate cause of the fire only can be regarded; and as the damage to the town accrued from the burning of the bridge of the railroad, and not from fire from the locomotive, the defendants are not liable. The case of *Hart* v. *The Western Railroad*, 13 Met. 100, in which the court held the corporation to be liable, is founded upon the statute of Massachusetts, which is, we think, essentially different from that of New-Hampshire. That statute provides for any injury done by fire *communicated* by a locomotive engine, &c. Our statute provides for damage " by fire or steam from any locomotive," &c.

In our statute, instead of restricting the obvious meaning of words, the ordinary meaning of the language, " fire from the locomotive," must be enlarged and exaggerated, or the plaintiff can have no right to recover. It is perfectly obvious that the only damage from steam intended

to be provided against by our statute was direct, because no other damage, from the nature of things, could possibly result. Did the legislature, when it used the words, "of damage by fire or steam," mean all sorts of indirect damage in case of fire, and only direct damage in case of steam? If the legislature intended the liability of railroads under our statute should be co-extensive with that imposed by the Massachusetts statute, it seems singular that different and restrictive language was used, particularly as the Massachusetts statute had received its broad construction two years before ours was passed.

EASTMAN, J.*   This action is founded upon section 8, chapter 142, of the Revised Statutes, which is as follows: "Every railroad corporation shall be liable for all damages which shall accrue to any person or property within this State by fire or steam from any locomotive or other engine on such road."

The next section of the same chapter provides that "Every such corporation shall have an insurable interest in all property situated on the line of such road, and exposed to damage as aforesaid, and may effect insurance thereon for the benefit of such corporation."

These provisions relieve the court from any consideration of the question of negligence by the defendants, so that we are only called upon to give a construction to the statute as applicable to the facts stated.

The extraordinary use of the element of fire, by which the property of individuals situated along the lines of railroads becomes endangered beyond the usual and ordinary hazard to which it is exposed, no doubt caused the legislature to interfere, and impose the liability which is fixed by the statute.

By this exposure, an increased risk of loss of property is caused. This risk must be borne by some one; and if

* PERLEY, C. J., and FOWLER, J., did not sit.

the property is insured, a larger premium must be paid. Upon whom shall this risk fall and this burden rest? upon the owners of the property, or upon the corporations who make this extraordinary use of the fire? Such was probably the question before the legislature; and we think it was their intention to place the responsibility and burden upon the corporations. We think also that it was their intention to give the owners a complete indemnity for the loss of all property that might reasonably be said to be exposed to the danger.

If, as contended by the defendants, the liability attaches only when the property is destroyed by fire directly communicated from the locomotive, and that it is only for the loss of such property as shall be thus consumed, that the corporations are liable, then all buildings, however near to those to which the fire is communicated from the locomotive, unless they are attached to and made a part of them, would not come within the operation of the statute. That there are many buildings thus situated along the lines of the various railways in this State is probably the case, and the legislature could hardly have intended to exclude such property from protection. If such had been their intention, it would seem singular that they should not use language more exact and appropriate to express it. In drafting such an act the question would very naturally suggest itself. To what extent do we intend this liability to go? Is it to be general, or confined to such property only as shall be destroyed by the proximate, direct and immediate communication of the fire from the engine? If they had intended the latter, we think they would have so expressed it; and instead of saying, as the act now does, "by fire from the engine," they would have said by fire *directly* from the engine.

Such has been the decision of the Supreme Court of Massachusetts upon a similar statute, in the case of *Hart* v. *Western Railroad,* 13 Met. 99; and in Maine the same

doctrine has been acquiesced in, by the case of *Chapman* v. *Atlantic & St. Lawrence Railway*, 37 Maine 92.

We are aware that this view of the question presents some serious difficulties, and cases might be supposed where the principle, if carried out to its fullest extent, would operate with great hardship upon the corporations. This consideration did not escape the notice of the learned chief justice, in the case cited from Metcalf, but he seemed to think that the power given to the corporations to effect insurance upon the property was indicative of the intention of the legislature to make the liability general.

That case did not call for a judicial determination of the extent to which the corporations shall be liable under the statute, neither does this. There, a shop, adjoining a railroad track, was destroyed by fire communicated by a locomotive, and while the shop was burning, the wind blew sparks from it, across a street, sixty feet, upon a house, and set it on fire ; and the court held that the fire was communicated to the house by the locomotive, within the intention and meaning of the act, and that the corporation was liable for the damage.

In this case the plaintiffs' bridge was about fifty-eight feet from that of the defendants. The fire that consumed the latter came from the defendants' engine, and in its progress reached the plaintiffs' bridge, and destroyed that ; and we think that, within the intent and meaning of the statute, the loss was occasioned by fire from the defendants' locomotive, and that they are consequently liable for the damages.

Should a case arise under this statute requiring the court to define the extent to which this liability shall go, perhaps it will be found to extend to such property only as can be said to be reasonably exposed to the danger; that the act must have a reasonable construction ; and that consequently where buildings are situated at such a distance from the track as not to be exposed except in some

violent gale of wind or other extraordinary circumstances, the loss might be held not to be within the spirit or intent of the act. But we leave that question to be decided when it shall arise. The present is not such a case.

Our opinion is that upon the facts stated,

*The action can be sustained.*