CHARLES H. LORING *vs.* WORCESTER & NASHUA RAILROAD COMPANY.

Worcester.   October 6. — 21, 1881.   LORD & ALLEN, JJ., absent.

At the trial of an action against a railroad corporation, for the destruction of the plaintiff's property by fire alleged to have been communicated from a locomotive engine of the defendant on its outward trip, the defendant introduced evidence that the engine was furnished with the ordinary appliances of a cone and netting for arresting sparks, which netting was examined on arrival at the end of the route on the return trip the following day and found to be whole and in good condition; and that the engine on the return trip was in the same condition and used the same kind of fuel as on the outward trip. *Held,* that it was competent for the plaintiff to show in rebuttal that the engine on the return trip emitted sparks which set fire to property in the same neighborhood.

TORT for the destruction of the plaintiff's property at Sterling Junction, by fire alleged to have been communicated from a locomotive engine of the defendant, on Saturday, June 29, 1878. At the trial in the Superior Court, before *Aldrich,* J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions to the exclusion of certain evidence, the nature of which appears in the opinion.

*G. F. Verry & I. H. Sweetser,* for the plaintiff.

*F. P. Goulding,* for the defendant.

MORTON, J.   The defendant introduced evidence that the engine, which the plaintiff contended communicated fire to his barn, "was furnished with the ordinary appliances of a cone

and netting for arresting sparks, which netting was examined on arrival at Worcester on the return trip the following Monday and found to be whole and in good condition." It was accompanied by evidence that the engine on the return trip was in the same condition and used the same kind of fuel as on the outward trip on Saturday. The obvious purpose of the evidence was to induce the jury to believe that the engine on the trip on Saturday could not emit sparks which would communicate fire to the plaintiff's barn.

We are of opinion that it was competent for the plaintiff to show that the engine on the return trip emitted sparks which set fire to property in the same neighborhood. Such evidence tended to show that the spark-arrester, testified to by the defendant's witnesses, was either faulty in construction or out of repair, and thus to rebut the presumption which the jury might draw from the defendant's evidence, which it tended to contradict and control. *Ross* v. *Boston & Worcester Railroad*, 6 Allen, 87.                          *Exceptions sustained.*