BENJAMIN B. THATCHER

*vs.*

MAINE CENTRAL RAILROAD COMPANY.

Penobscot. Opinion June 23, 1893.

</div>

*Railroad. Fire set by engine. Negligence. Evidence. R. S., c. 51, § 64.*

A railroad company is liable under R. S., c. 51, § 64, for damage to lumber piled in a permanent lumber yard near its track, caused by fire communicated from its locomotives.

Evidence is admissible to show that fires were communicated by defendant's locomotives at different times about the same time and vicinity that the plaintiff's lumber was destroyed.

*Also,* to show, in a statutory action, an accumulation of dry combustible material within the limits of the railroad location, without proving where the exterior lines of the location are.

Exceptions to the admission of evidence should show that the facts, at the time the testimony was offered, were such as to render it incompetent.

*Lowney* v. *Maine Cent. R. R. Co.* 78 Maine, 479, distinguished.

ON MOTION AND EXCEPTIONS.

This was an action on the case to recover damages for loss of the plaintiff's lumber by fire communicated by the defendant's locomotive.

The plaintiff's declaration contained four counts; two, framed on the statute, R. S., c. 51, § 64, and two charging negligence at common law. The acts of negligence alleged were defective machinery, the want of sufficient spark arresters, wrongfully throwing sparks and cinders, and the want of suitable section men to watch and tend fires along the railroad. One of the counts upon the statute is as follows:—

" In a plea of the case, for that said plaintiff, at Milford, in said

county of Penobscot, on the sixteenth day of April, A. D., 1890, owned and was possessed of certain property, to wit., certain boards, timber and board sticks, as follows : 2,080,804 feet of pine box boards of the value of seventeen thousand dollars, and 51,851 feet of timber of the value of three hundred and sixty dollars, and 318,000 board sticks of the value of four hundred and seventy dollars, all of which were of the value of seventeen thousand eight hundred and thirty dollars ($17,830) which said boards, timber and sticks were lawfully and properly piled and placed then and there on land of said plaintiff and adjoining the railroad of the said Maine Central Railroad Company, and was then and there and for a long time before had been deposited there, and was then and for a long time before had been insured in the sum of twelve thousand dollars against loss by fire, and was such property as said Maine Central Railroad Company had an insurable interest in and could have procured insurance thereon, and then and there said company, so chartered by the laws of the State, did own and operate a railroad adjoining said property of said plaintiff and did then and there run and use by its servants and agents a locomotive engine and cars attached thereto, and on said day at said Milford while said locomotive engine was being run and used and operated on said railroad by said corporation, said property of plaintiff was injured and destroyed by fire communicated by said locomotive engine so being run and used by said corporation ; and said plaintiff avers that his said property above named and so situated as above was totally destroyed at said time and place by said fire, that the sole cause of said fire and such injury and destruction of his property was the fire communicated by the locomotive engine, so being used and run by said corporation."

By agreement of the parties, the question of damages was reserved at the trial to be subsequently determined ; and only the question of liability was submitted to the jury, who returned a verdict for the plaintiff.

The defendant took exceptions and filed a general motion for a new trial. The case is stated in the opinion.

*J. W. Symonds* and *C. P. Stetson*, for plaintiff.

Statute not limited in its application to real estate only. Permanent and insurable property are within the statute. Statute remedial. *Bassett* v. *Railroad*, 145 Mass. 129, and cases cited. Negligence. *Jackson* v. R. R. Co. 31 Iowa, 176, S. C. 2 Am Ry. R. 473; *Kellogg* v. *Ry. Co.* 26 Wis. 223, S. C. 2 Am. Ry. R. 483; *Grand Trunk R. Co.* v. *Richardson*, 91 U. S. 470; *Rolke* v. *Ry. Co.* 26 Wis. 537, S. C. 3 Am. Ry. R. 548; *Webb* v. *R. R. Co.* 49 N. Y. 420, S. C. 4 Am. Ry. R. 547; *Spaulding* v. *Ry. Co.* 30 Wis. 110, S. C. 7 Am. Ry. R. 507; *Coale* v. *R. R. Co.* 60 Mo. 227, S. C. 9 Am. Ry. R. 210; *Mo. Pac. R. R.* v. *Platzer* (Tex.), S. W. Rep. 577; *Fent* v. *Ry. Co.* 59 Ill. 349, S. C. 11 Am. Ry. R. 167; *B. & O. R. R. Co.* v. *Shipley*, 39 Md. 251, S. C. 11 Am. Ry. R. 269; *Salmon* v. *R. R. Co.* 38 N. J. 5, S. C. 13 Am. Ry. R. 14; (39 N. J. 299, S. C. 14 Am. Ry. R. 226); *Troxler* v. *R. R. Co.* 74 N. C. 377; 13 Am. Ry. R. 389; *Dean* v. *Ry. Co.* 39 Minn. 413, 12 Am. St. Rep. 659; *L. & N. R. R. Co.* v. *Reese*, 7 Am. St. Rep. 66-69; Whar. Ev. § 360; *Stevens* v. *R. R. Co.* 66 Maine, 76. Case to be submitted to jury. *Sheldon* v. *R. R. Co.* 14 N. Y. 218; *Field* v. *R. R. Co.* 32 N. Y. 339; *O'Neill* v. *R. R. Co.* 115 N. Y. 581; *Webb* v. *R. R. Co.* 49 N. Y. 420.

Exceptions: *Crocker* v. *McGregor*, 76 Maine, 284; *Smith* v. *R. R. Co.* 10 R. I. 22; *Atch. R. R. Co.* v. *Stanford* 12 Kans. 354; S. C. 8 Am. Ry. Rep. 236; *Annap. & E. R. R. Co.* v. *Gantt*, 39 Md. 115, S. C. 11 Am. Ry. R. 210; *Henry* v. *R. R. Co.* 50 Cal. 176, S. C. 12 Am. Ry. R. 168; *Wiley* v. *R. R. Co.* 44 N. J. L. 250; *Piggott* v. *Ry.* 3 C. B. (M. G. & S.) 229; *Aldridge* v. *Ry.* 3 M. & G. 514; Whar. Ev. § 41.

*Wilson and Woodard*, for defendant.

*Lowney* v. *N. B. Ry. Co.* 78 Maine, 479 and cases; R. S., c. 51, § 64. Rule of *stare decisis:* 1 Kent Com. 12 Ed. 476; Broom's Leg. Max. pp. 148-153; *Smith* v. *Bibber*, 82 Maine, 34, 39; *Bank* v. *Willis*, 8 Met. 504.

Negligence: *Meyer* v. *R. R. Co.* 41 La. An. 639, S. C. 17 Am. St. Rep. 408; Pierce, R. R. 439, 440, 433; *Hoff* v. *R. R. Co.* 45 N. J. L 201, S. C. 13 Am. & Eng. R. R. Cas. 476; *Texas, &c., R. R. Co.* v. *Levi*, 59 Tex. 674, S. C. 13 Am. and

Eng. R. R. Cas. 464; 2 Rorer R. R. 800-1; Deering, Neg. § §
264, 273; *B. & O. R. R. Co.* v. *Shipley*, 39 Ind. 251.

Exceptions: *Ross* v. *R. R. Co.* 6 Allen, 87, 91; *G. Trunk
Ry. Co.* v. *Richardson*, 91 U. S. 454, 470; *Parker* v. *Port.
Pub. Co.* 69 Maine, 173-175; *Henderson* v. *R. R. Co.* A. L.
Jour. Dec. 12, 1891, Vol. 44, p. 479.

LIBBEY, J.　An action on the case to recover damages for the
destruction of plaintiff's property by fire communicated by a
locomotive engine used by the defendant company in its business.
In his writ the plaintiff claims to recover on two grounds. *First*,
by virtue of R. S., c. 51, § 64; *second*, on the ground of negli-
gence of the defendant and its agents and servants, in the condi-
tion and management of its locomotive, by reason of which the
fire was set and communicated to his lumber.

The presiding judge at the trial, for reasons satisfactory to
himself, ruled that the plaintiff could not recover under the pro-
visions of the statute referred to, which read as follows: "When
a building or other property is injured by fire communicated by
a locomotive engine, the corporation using it is responsible for
such injury, and it has an insurable interest in the property
along the route, for which it is responsible, and may procure
insurance thereon." After the ruling of the presiding judge
that the plaintiff had no remedy under this provision of the
statute, the case was tried out upon the other claim set out in
the writ that the fire was communicated by the locomotive used
by the defendant, by reason of some defects in it or negligence
of its servants managing it, for which the defendant was respon-
sible. The verdict was for the plaintiff upon this ground.

The case comes up on a motion to set aside this verdict, and
on exceptions. It is admitted by the counsel for the defendant
that, if the ruling of the presiding judge that the plaintiff could
not recover under the statute is erroneous, and the evidence is
sufficient to authorize the jury to find that the fire was set and
communicated by the use of the defendant's locomotive, the
question whether the evidence is sufficient to sustain the verdict
on the claim of negligence is immaterial. And this presents the

question at once whether the remedy of the plaintiff exists under the provisions of the statute.

On the facts disclosed and admitted by the defendant's counsel, we think the plaintiff may recover in this case under the statute. There have been several cases before the court in this State involving the construction of this statute; but we think none of them upon a state of facts like those claimed by the plaintiff and admitted by the defendant's counsel in this case. The lumber destroyed was a large quantity of boards and other manufactured lumber stuck and piled by the plaintiff upon land in the vicinity of his mills, leased by him of the Bodwell Water Power Company, of about twenty-five acres in extent. The defendant's counsel as is their usual custom, very correctly state the facts upon this part of the case. "The place where the plaintiff's boards were stuck before being used for the purpose to which he, and perhaps others, devoted it, was an uncultivated pasture. Afterwards, as the occasions of business required, boards were extensively stuck upon this place after being sawed at the adjacent mills, several tracks being put upon the place for the purpose of conveniently conveying the boards thereto and removing them therefrom. After being sawed the boards are put on cars by the plaintiff and others; the cars are then hauled to the sticking ground and the boards taken therefrom by the owners and stuck to remain until they are seasoned and sold. Then they are put back on to the cars by the owner and shipped to whatever destination he sees fit to send them. The boards are placed on the sticking ground as they are sawed. Nobody then has any means of knowing how long they will remain there and no notice was given to the railroad company as to the length of time they probably would remain there. As a matter of fact they frequently remain there for a considerable period of time, according to the exigencies of business, some boards of the plaintiff having been there for a year to a year and a half, while all of them had been there nearly six months."

The evidence shows that this piling-ground of the plaintiff had been used by him in connection with the manufacture of lumber at his mills in the manner stated, for six years and more,

the amount piled and stuck there frequently exceeding two millions. The defendant had full knowledge of these facts and had extended to this piling-ground several branch tracks over which the lumber was carried from the plaintiff's mills to it, and when sold by him, taken from it and conveyed over its road. This piling-ground was the place, or at least part of the place for the plaintiff's business, necessary in the prosecution of it, as his lumber must be taken from his mills to be piled and stuck for seasoning and drying for the market.

The construction of this statute was first before the court in *Chapman* v. *Railroad Company*, 37 Maine 92. That action was to recover for the loss of a quantity of cedar posts piled by the plaintiff upon the land of another by his consent some five to eight rods from the railroad track. And after discussing the question of the construction of the statute, the court declared this conclusion : " The conclusion to which we have arrived is, that the liability of railroad corporations, under this statute, extends only to property permanently existing along their route, and capable of being insured, and that as to movable property, having no permanent location, the liability of such corporation is to be determined by the principles of the common law."

In *Pratt* v. *Railroad Company*, 42 Maine, 579, the court decided that the liability of the company under this statute was not confined to real estate but extended to the destruction of personal property as well. In *Stearns* v. *Railroad Company*, 46 Maine, 95, the plaintiff recovered for the destruction of his large chair factory and all the machinery, tools, and other apparatus necessary for the manufacture of chairs, and large quantities of lumber and other materials used in the manufacture of chairs, and large quantities of chairs, some of which were wholly and others partially completed. In *Bean* v. *Railroad Company*, 63 Maine, 294, the plaintiff recovered for a stock of goods in a store occupied by him near the railroad track.

The last case in this State, in which this statute was involved, is *Lowney* v. *Railway Company*, 78 Maine, 479. It was an action to recover for the destruction of some sleepers owned by the plaintiff and piled near the railroad track, to be delivered

from the place where they were piled to the cars of the defendant. This case is relied upon with a good deal of confidence by the counsel for the defendant; and it is claimed that the facts in regard to the deposit of the sleepers bring the case pretty clearly within the facts of this case. He has produced with his argument a report of the evidence in that case. However the facts may have been as shown by the evidence, the court bases its decision upon the fact that the property destroyed was movable articles, temporarily placed near the railroad track, and likens it to the case of *Chapman* v. *Railroad Company, supra*. The element of permanency of occupation of the premises was thought to be lacking.

The court in Massachusetts has put a different construction upon the statute of that state in the same terms as ours, holding it to apply to all property of every kind and in any place where fire may · be communicated by a locomotive engine. It does not admit any of the exceptions adopted by our court in *Chapman* v. *Railroad Company*, above cited, and followed to some extent, at least, in the cases subsequently named. *Hart* v. *Railroad Company*, 13 Met. 99 ; *Bassett* v. *Railroad Company*, 145 Mass. 129, and cases there cited.

And so in New Hampshire,, *Hooksett* v. *Railroad Company*, 38 N. H. 244. And so in Vermont on a similar statute, *Cleaveland* v. *Railroad Company*, 42 Vermont, 449. The same construction of the Vermont statute is held by the Supreme Court of the United States, in *Grand Trunk Railway Company* v. *Richardson*, 91 U. S. 454.

We do not intend, however, to overrule any of the previous decisions of this court upon the construction of the statute involved. They do not conflict with our decision upon the facts of this case. Each case should be decided upon its own facts ; and we feel clear that no previous decision of this court determines that the railroad company is not liable under our statute in a case like this. It cannot be properly said that the plaintiff's lumber piled on his piling-place, occupied by him in the prosecution of his business as a lumber manufacturer from year to year in such quantities was, placed there for a temporary pur-

pose only. It had the elements of permanency in its character; certainly as much so as the stock of manufactured chairs in the mill of the manufacturer, to be sent away from time to time as he makes sales; or as a stock of merchandise in the store occupied by the merchant, from which he sells from day to day; or the lumber of the lumber merchant piled as he receives it in his lumber yard, from which he delivers it as he has occasion to in the prosecution of his business.

We think the evidence is clearly sufficient to authorize the finding of the jury, necessarily included in their verdict, that the fire was communicated from the defendant's locomotive. This conclusion renders it entirely unnecessary to consider whether the evidence upon the question of negligence was sufficient to authorize the verdict rendered.

The defendant has some exceptions to the ruling of the presiding judge on matters of law.

Its counsel in their argument rely upon two only.

First, they claim that the admission of the evidence from several witnesses, tending to show fires communicated by the locomotives used on the defendant's road at different times about the same time that the plaintiff's lumber was destroyed and in the same vicinity, was erroneous; that it should be confined to the particular locomotive which passed over the road just before the fire, and which it is claimed communicated it. We think its competency, where the issue is whether the fire was communicated from a locomotive, is clearly established by courts of the highest authority. It tends to show the capacity of the inanimate thing to set fires along the road, and when a fire is discovered soon after a locomotive has passed, and there is no evidence tending to show that it might have been caused in some other way, it authorizes the inference that it was caused by the locomotive. *Grand Trunk Railroad Company* v. *Richardson*, 91 U. S. 454, and cases cited. *Crocker* v. *McGregor*, 76 Maine, 284; *Loring* v. *Railroad Company*, 131 Mass. 469.

It is urged in behalf of the defendant that evidence showing the action of locomotives, other than the one that set the fire, should be limited to cases where the plaintiff is unable by

his evidence to identify the locomotive which he claims set the fire; that if he is able to identify the particular locomotive, all evidence in regard to the action of others is irrelevant and ought not to be admitted. There are several authorities declaring that to be the rule, and there are decisions of courts of high authority which declare that the action of other locomotives at or about the time of the alleged fire and in the vicinity is admissible, on the ground that the locomotives used by the company on its road are of a class of like construction, and what one will do others may do under like circumstances. But it is incumbent upon the defendant by its exceptions to show that the facts at the time the evidence was offered were such as to render it incompetent under the modified rule claimed by its counsel. There is nothing in the exceptions showing that the plaintiff by his own testimony or that of his witnesses was able to identify the locomotive claimed to have set the fire. Looking into the report of the evidence, which is made a part of the case, it appears that neither the plaintiff nor any of his witnesses were able to identify the locomotive by name or number; so that when the evidence was admitted by the presiding judge the case was clearly within the modified rule claimed by defendant's counsel. True, the defendant claimed to identify it by its evidence in defense as engine No. 49. But that in no way affected the question of the admissibility of the evidence at the time it was offered and admitted.

Since the argument the defendant's counsel, with the consent of the counsel for the plaintiff, has called the attention of the court to a recent case in Pennsylvania, in which the doctrine is very thoroughly discussed and authorities cited and quoted from; and the admissibility of the evidence in a case like this is sustained by that court, which declares that such evidence should be confined to the negligent operation of the engines of the company at or about the time of the fire with such reasonable latitude, before and after the occurrence, as is sufficient to enable such proofs to be practicable. *Henderson* v. *Railroad Co.* 144 Penn. St. 461.

The second point raised by the exceptions is the admission of

testimony tending to show an accumulation of dry grass and other combustible materials within the limits of the defendant's location, for the purpose of proving negligence on the part of the defendant; and the presiding judge submitted the question to the jury to determine whether the combustible materials described by witnesses were within the limits of the defendant's location or outside of it. It is claimed that this was error, because there was no evidence in the case proving the exterior lines of the location. But whether this was improperly admitted and submitted to the jury on the question of negligence or not, under the construction which we have given to the statute it becomes immaterial, because the liability of the company is just the same if the fire was communicated by the defendant's locomotive to combustible materials outside its limits, so near to its road that escaping sparks might be carried by the wind and set the fire, as if it was kindled within its limits.

> *Motion and exceptions overruled.   Damages to be assessed*
>   *at Nisi Prius as stipulated by the parties.*

PETERS, C. J., WALTON, EMERY, FOSTER and WHITEHOUSE, JJ., concurred.