## Oneida State Bank, Appellant, v. C. A. Peterson et al., Appellees.

### Gen. No. 6,574.

1. APPEAL AND ERROR, § 1367*—*when discretion of court in allowing reopening of case after conclusion of evidence is reviewable.* The discretion of the trial court in allowing a reopening of a case after the conclusion of the evidence for the defense so as to admit evidence which should have been introduced in chief is not an arbitrary but a judicial one, and when it is abused, or so exercised as to work an injury to a party complaining, the ruling of the court is reviewable.

2. APPEAL AND ERROR, § 1367*—*what constitutes reviewable abuse of discretion in refusing to allow reopening of case after conclusion of evidence.* The refusal of the trial court, after the conclusion of the evidence for the defense, in an action on a promissory note against surviving partners, in which the defense was that the note was not executed on the date it bore but was actually made after the partnership had been dissolved by the death of a member and was consequently void as against the partnership, to allow the plaintiff to show the original indebtedness for which the note was given and that the note represented the balance of an indebtedness to plaintiff, which had been agreed upon prior to the death of such member, that the note was for the amount agreed upon and that the execution and delivery of the note had been deferred pending arrangements for the execution and delivery of a certain mortgage, and had been dated back as a matter of convenience, was an abuse of discretion, warranting a review of the ruling of the court.

Appeal from the Circuit Court of Knox county; the Hon. HARRY M. WAGGONER, Judge, presiding. Heard in this court at the April term, 1918. Reversed and remanded. Opinion filed July 25, 1918.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

FLETCHER CARNEY, JAMES W. CARNEY and SIG. B. NELSON, for appellant.

E. P. FIELD, MARSH & RICE and WILLIAMS, LAWRENCE, GREEN & GALE, for appellees.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

This is an action of assumpsit commenced in the Circuit Court of Knox county by the appellant, Oneida State Bank, against the appellees, C. A. Peterson, S. J. Metcalf, Thomas D. Murdoch and Ralph W. Field, who are sued as surviving partners of the firm of S. J. Metcalf & Company. The action was brought to recover on a promissory note for the sum of $3,323.58, alleged to have been made and delivered to the appellant for a partnership indebtedness due to the appellant bank. The note sued upon was signed for the partnership and in the name of the partnership by the appellee, S. J. Metcalf, and individually by S. J. Metcalf and C. A. Peterson, and was dated December 8, 1914. The declaration filed in the case contained a special count averring a liability on the note, to which was added the common counts. There was a trial by jury and the appellant offered the note in evidence, together with other evidence tending to show that the note in question was a partnership note, and that the appellees were the surviving members of the partnership. It developed, however, from the evidence offered for the defense, that the note in question was not executed on the day it bears date, but was actually made in January, 1915, after the dissolution of the partnership had been caused by the death of W. D. Patty, one of the copartners, and therefore it was insisted by the appellees, in defense against liability on the note, that the partnership having been dissolved by the death of one of its members, the surviving partner or partners had no authority to make new con-

tracts for the partnership nor incur any new liability by the execution of a promissory note after such dissolution, and that after the dissolution of the copartnership the note in question was not binding as a partnership obligation on the appellees as surviving members of the firm. At the conclusion of the evidence for the defense, the appellant asked leave to make certain additional proof, namely, to show the original indebtedness for which the note had been given, and which was claimed to be the consideration for the note, and to prove the fact that the note sued on represented the balance of an indebtedness of the copartnership to the appellant bank, which had been agreed upon by the parties prior to the death of W. D. Patty; that the note was for the amount thus agreed upon; that the execution and delivery of the note had been deferred pending arrangements for the execution and delivery of a certain mortgage, and had been dated back as a matter of convenience. Upon objections made by the appellees the court refused the leave asked, and then upon the motion of appellees directed a verdict for the appellees, and a verdict was thereupon returned by the jury finding the issues for the appellees, upon which the court rendered judgment in bar. An appeal is prosecuted from this judgment.

The principal error relied upon is the ruling of the court denying the appellant bank leave to prove the original indebtedness for which the promissory note in question was alleged to have been given. The appellees insist that the granting of such leave amounted to a reopening of the case for the purpose of offering proof which should have been made in chief by the appellant; that it is discretionary with the court trying the case whether such leave should be granted or not; and that the exercise of such discretion cannot be reviewed on appeal. *First Nat. Bank of Hoopeston v. Lake Erie & W. R. Co.,* 174 Ill. 36; *Hartrich v. Hawes,* 202 Ill. 334. While the general rule is as stated by

appellees, and was so held in the cases cited, there are certain well-recognized exceptions to the rule. The discretion referred to is not an arbitrary one but judicial in its nature, and therefore when it is abused, or is so exercised as to work an injury to a party complaining, the ruling of the court is reviewable. *Indiana, D. & W. Ry. Co. v. Hendrian,* 190 Ill. 501; *Wenger v. Strobel Steel Const. Co.,* 170 Ill. App. 383; *Herricks v. Chicago & E. I. R. Co.,* 257 Ill. 264; *People v. St. Louis, I. M. & S. Ry. Co.,* 278 Ill. 25. In this case it is clearly apparent that if the appellant bank could not recover on the note in question as a partnership obligation merely because it developed that it was made after the death of W. D. Patty, then, if there was in fact a bona fide partnership indebtedness back of the note for which the note had been given, appellant had the legal right to revert back and claim a recovery upon such original indebtedness, and a recovery could have been had under the common counts. But it could only recover in this action; a judgment in bar of this action would be a bar to appellant's right thereafter to recover, not only on the note, but also for the alleged original indebtedness for which it was claimed the note had been given. A denial of the leave therefore necessarily resulted in great injury to appellant's rights because it deprived it of the only chance it would have of proving that the appellees really owed the amount which it claimed and which amounted to over $3,300. To that extent, therefore, the denial of the leave asked resulted in a failure of justice if appellant could make the proof contemplated. We are of opinion that under the circumstances presented the leave should have been granted, and that the ruling of the court under the authorities cited above is a proper matter of review on appeal.

For the reasons stated the judgment must be reversed and the cause remanded for another trial.

*Reversed and remanded.*