## Toledo, St. Louis & Western R. R. Co. v. Ella Valodin.

1. RAILROADS—*Prima Facie Evidence of Negligence Where Damages Are Caused by Fire Communicated by a Locomotive.*—Proof that damages have been caused by fire communicated by a locomotive on a railroad, raises a *prima facie* inference of negligence on the part of the company whose locomotive communicated the fire. This *prima facie* case may be overcome by proof that the locomotive was equipped with one of the best and most approved spark arresters, that such a spark arrester was at the time the fire was communicated in good order and repair, and that the locomotive was being carefully managed at the time, by competent and skillful employes.

2. PRACTICE—*Where Special Facts Found Are Inconsistent with General Verdict.*—Where a finding of special facts is inconsistent with the general verdict, the former shall control the latter, and the court may render judgment accordingly.

Trespass on the Case.—Damage by fire set by locomotive. Appeal from the Circuit Court of Edgar County; the Hon. HENRY VAN SELLAR, Judge presiding. Heard in this court at the November term, 1902. Reversed and remanded with directions. Opinion filed July 27, 1903.

CHARLES A. SCHMETTAU, A. BRADEN CLARK and F. C. VAN SELLAR, attorneys for appellant; CLARENCE BROWN, of counsel.

JOSEPH E. DYAS and FRANK T. O'HAIR, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

The appellee, Ella Vallodin, brought suit before a justice of the peace of Edgar county, against the appellant, Toledo, St. Louis & Western Railroad Company, to recover damages for the destruction of a hedge fence and other real property upon her farm by fire alleged to have been negli-

gently sent out by a locomotive upon appellant's railroad which passes through her farm.

J. M. Sims, the tenant on the farm of appellee, also brought a suit before the same justice of the peace, against the appellant, to recover damages caused to his hay and other personal property on the farm by the same fire.

Both the appellee and her tenant recovered judgments against the appellant before the justice of the peace, and the appellant took both cases to the Circuit Court by appeal, and there the two cases were tried by jury together as one case, by agreement of all parties, and resulted in a verdict and judgment against the appellant for $125, to reverse which the appellant appeals to this court and insists, among other things, that the Circuit Court erred in refusing the request of the appellant for a judgment in its favor on the special findings of the jury in its favor, which were inconsistent with the general verdict against it.

The evidence showed that the appellee owns a farm in Edgar county, Illinois, which is cultivated by J. M. Sims as her tenant. The railroad of the appellant crosses this farm from the northeast to the southwest; and when a freight train was passing through this farm from the southwest toward the northeast during a strong wind that was blowing from the northeast, a piece of fire was blown from the locomotive to the stubble in the meadow on the southeast side of the right of way, falling about sixty-five feet from the locomotive, outside of the right of way, setting fire to the stubble and some eight tons of hay in the stack, worth $10 per ton, which belonged to the tenant, and about thirty or forty rods of hedge fence worth $1 to $2 per rod, which belonged to the appellee, all of which was consumed.

The locomotive at the time the fire was set out, was being managed carefully by a competent engineer and fireman, and was equipped with the best and most improved fire arrester in common use by railroads, and the same was then in good repair.

The jury, in accordance with the evidence, returned with their general verdict, the following answers to the interrogatories submitted to them by the court:

Interrogatory No. 1.  Do you find that the fire origi-
nated off the right of way of the defendant?  A.  Yes.

Interrogatory No. 2.  Do you find that the fire was
started by a passing engine of the defendant?  A.  Yes.

Interrogatory No. 3.  Do you find that the engine that
set the fire was equipped with one of the best and most
approved spark arresters in common use by railroads?  A.
Yes.

Interrogatory No. 4.  Do you find that the spark
arrester on the engine that started the fire that burned the
plaintiff's property was in good repair at the time of the
fire?  A.  Yes.

Interrogatory No. 5.  Do you find that the engine that
started the fire was operated at the time of the fire in a
careful manner by skillful employes?  A.  Yes.

Counsel for the appellant moved the court to enter a
judgment in favor of the railroad company upon the special
findings of the jury, notwithstanding the general verdict
against it, which the court refused, and the appellant pre-
served an exception.

By the statute, proof that damages have been caused
by fire communicated by a locomotive on a railroad, raises
a *prima facie* inference of negligence on the part of the
company whose locomotive communicated the fire.  This
*prima facie* case may be overcome by proof that the loco-
motive was equipped with one of the best and most approved
spark arresters; that such spark arresters was, at the time
the fire was communicated, in good order and repair, and
that the locomotive was being carefully managed at the
time, by competent and skillful employes.  First National
Bank v. L. E. & W. R. R. Co., 65 Ill. App. 21, 174 Ill. 36.

In the case at bar, the jury, under the evidence, answered
the interrogatories in accordance therewith, and thereby
specially found that the fire in question originated off the
right of way; was started by a passing engine of the appel-
lant, which engine was then equipped with one of the best
and most approved spark arresters in common use by rail-
roads, which spark arrester was, at the time of the fire, in
good repair; and that the engine that started the fire was
at the time being operated in a careful manner by skillful
employes.

Those being the special facts found, they are inconsistent with the general verdict, and the judgment of the court should.have been entered upon the special findings instead of the general verdict, as is provided by paragraph 58c, chapter 110 of Hurd's Statutes, 1901, that " when the finding of fact is inconsistent with the general verdict, the former shall control the latter, and the court may render judgment accordingly."

There were no substantial errors committed by the trial court in its rulings upon the evidence and instructions, but for the error in not entering judgment upon the special verdict instead of the general verdict as requested by the appellant, the judgment will be reversed and the cause remanded to the Circuit Court of Edgar County, with directions to enter a judgment in favor of the appellant upon the special verdict.

The foregoing opinion was written by Mr. Justice Benjamin R. Burroughs during his term as justice of this court, and is now adopted as the opinion of this court.

GEORGE W. BROWN,
Presiding Justice.