### Sterling Adkins et al., Appellees, v. Indianapolis Southern Railway Company, Appellant.

1. NEGLIGENCE—*what establishes, in action where fire communicated by locomotive.* Proof that damages have been caused by fire from a locomotive on a railroad, raises a *prima facie* inference of negligence on the part of the railroad company.

2. RELEASE—*when does not bar damages.* If as the result of a settlement of damages resulting from a fire a settlement is made by which the railroad company pays for the full value of certain fruit trees supposed to have been destroyed, if such trees

Adkins v. Indianapolis Southern Ry. Co., 165 Ill. App. 300.

were not actually destroyed and were again damaged by the second fire a release given upon the settlement in the first case will not bar a recovery in the second.

Action in case. Appeal from the Circuit Court of Jasper county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed November 11, 1911.

**Statement by the Court.** This is an action in case to recover damages to appellees' lands and orchard by fire alleged to have been started by fire from one of appellant's locomotives, October 31, 1909. The judgment was in favor of appellees against the railway company for $800, and the railway company appealed.

The declaration charges in the first count that the fire started on appellant's right of way in dry grass and other combustible matter on the right of way, and spread to appellees' lands. In the second count it is charged that the fire was negligently started by sparks from appellant's engine, falling off the right of way into dry weeds and thence spreading to appellees' lands.

The evidence discloses that appellees jointly owned an orchard of about eighty acres east and north of appellant's right of way. On the day in question a double header freight train passed over appellant's road, and shortly afterwards smoke was seen to rise from near the right of way, and the fire followed at the same spot. It burned over the lands spreading northeasterly and across appellees' orchard, from a point about twelve feet from the right of way. About twenty-three acres of the orchard was burned over, and from four hundred to eight hundred apple trees damaged or destroyed. A part of the same orchard was burned by appellant in 1908, and the damages therefor were paid before the second fire.

GEORGE W. FITHIAN and ULYSSES S. SCHWARTZ, for appellant; JOHN G. DRENNAN, of counsel.

SHAMHART & ISLEY, for appellees.

PER CURIAM. The first ground alleged by appellant for a reversal of the judgment is that there is no proof to sustain the first count of the declaration; and that it wholly fails to show that the fire was caused by sparks from its engine, as charged in the second count.

The evidence does not support the first count of the declaration. The evidence does tend to prove the second count of the declaration; and not being rebutted by appellant, it was sufficient to warrant the verdict of the jury. One witness testified that she saw the freight train pass west, and that she saw the fire just after it went west, and that the fire seemed close to the railroad. This witness was about half a mile away. Several other witnesses testified to seeing this double header freight going by the place of the fire about one o'clock P. M.; and that the fire broke out shortly after the train passed, another of the witnesses stating that the fire broke out just after the train passed. Other witnesses stated that there was no fire there before the train passed. Any fact may be proved by circumstantial evidence; and if the appellees' evidence fairly tends to prove the issues in the case and is not controverted, they are entitled to a verdict. Libby, McNeill & Libby v. Cook, 222 Ill. 209.

Proof that damages have been caused by fire from a locomotive on a railroad, raises a *prima facie* inference of negligence on the part of the railroad company. T. St. L. & W. R. Co. v. Valodin, 109 Ill. App. 132; Am. S. Co. v. C. & A. R. Co., 177 Ill. 513; I. C. R. Co. v. Bailey, 222 Ill. 480.

Second. It is claimed that the receipt given by appellees for the damages by the fire of 1908, and the recitals therein, precluded a recovery in this suit for damages to any of the same trees by the fire of 1909. This claim is based on the theory, that the words in the receipt, "for damages by fire for burning and

destroying'' two hundred and nine apple trees, is conclusive evidence that the trees were totally destroyed and paid for at full value, and that nothing more can be recovered for them even though again burned and damaged in the second fire.   The substance of this claim is that if the railroad company and appellees in their first settlement thought the trees entirely destroyed, and they were paid for as trees destroyed, nothing further could be recovered for them in the second fire, although the first fire did not really destroy them.   Appellant is in error in this contention.   The receipt was only a bar to damages by the first fire.   If after the settlement it turned out that any of the trees were good that were paid for, they were still the property of appellees, and appellant could not destroy them or injure them again and escape liability on the ground that it had already paid for them full value.   The court therefore did not err in refusing appellant's refused instructions bearing on that question.   The receipt was not a bar to any damage by fire to the trees, except by the fire of 1908, and appellant was properly protected to that extent by the instructions given to the jury.   The fact that appellees may have gotten more damages for the trees by the fire of 1908 than was justly due them, could not give the appellant license to damage the trees by a second fire, or release it from such liability, or even give it a right of set-off for excessive damages paid by it.

Third.   We have examined the evidence carefully and are not able to agree with the appellant's contention that we should disturb the judgment because the damages are excessive.   Several of the appellees' witnesses testified that the depreciated market value of the land was even much more than the sum awarded to appellees by the jury.   It is true that the witnesses for appellant gave evidence that tended to prove the damages to be much less, but upon all the matters bearing upon this question, the best that can be said

for appellant is that the evidence is in hopeless conflict. While we think that the damages awarded are ample, still it was a question of fact for the jury; and we cannot say that the damages are so manifestly against the weight of the evidence as to warrant us in substituting our judgment for that of the jury.

We find no prejudicial errors in the record against the appellant, and the judgment is therefore affirmed.

*Affirmed.*