TURNER v. WILLIAMS *et al., Appellants.*

76   617
166  500

1. **Title to Land:** EVIDENCE. Title to land cannot be established by the mere oral statements of witnesses.

2. **Obstruction of Roads:** EVIDENCE. In an action for the obstruction of a private road defendants offered in evidence a notice served upon them by plaintiff in which the road was stated to be a public road. *Held*, that the notice ought to have been received, as showing that at the time it was given plaintiff esteemed the road a public and not a private road.

*Appeal from Audrain Circuit Court.* — HON. G. PORTER, Judge.

REVERSED.

*Ira Hall* for appellants.

*Hall Cradock* for respondent.

NORTON, J.—This is an action commenced before a justice of the peace for the recovery of damages for an alleged obstruction of a private road-way claimed by plaintiff as being situated on the north part of the northwest quarter of the northeast quarter of section 13, township 50, range 9, in Audrain county. The case being tried in the circuit court of Audrain county, where it had been taken by appeal, plaintiff had judgment, from which defendants have appealed, and assign for error the action of the court in giving and refusing instructions and in admitting and rejecting evidence.

Plaintiff, to establish his claim to a private way over the land described in the statement of his cause of action, I. TITLE TO LAND: offered in evidence a deed from Loohmiss evidence. and Simpson, conveying to him certain land in section 18, township 50, range 9, and also conveying to him "a good and sufficient road or right of way over and across the land now owned by us, to the timber tract above conveyed." This deed was executed on the 8th day of January, 1867, and it will be observed that the land over which the right of way is given to plaintiff is not specifically described and cannot be located, as it is claimed by plaintiff, otherwise than by showing that said Loohmiss and Simpson, at the time of said conveyance, owned the land on which the private way was located for the obstruction of which plaintiff sues.

We have failed to find any evidence in the record before us, other than the statement of plaintiff, as to the ownership of said land by said Loohmiss and Simpson at the date of the said deed to plaintiff, and these statements were improperly received in evidence over the objection of defendant. It therefore follows that the instructions given by the court which predicated plaintiff's right to recover by virtue of the conveyance to him of a private way over the lands owned by Simpson and Loohmiss at the time the conveyance was made were improperly given, for the reason that there was no evidence that Loohmiss and Simpson owned the land in section 13, over which plaintiff claimed his right of way.

The second instruction is also erroneous in this, that it authorized a recovery against defendants for obstructing a road or private way over the northwest quarter of southeast quarter of section 13, when they were only sued for obstructing plaintiff's right of way over the northwest quarter of the northeast quarter, and not the northwest quarter of the southeast quarter of section 13

Defendants offered in evidence a written notice served upon defendants by plaintiff, in which it was claimed by

2. OBSTRUCTION OF ROADS : evidence. plaintiff that the road in question was a public road. This evidence was rejected by the court, and we think improperly, for the reason that plaintiff, in addition to his claim for right of way set up in his deed, also claimed that he had acquired a right to a private way over the land in question by an open, notorious, adverse possession and use of the same under a claim of right. The notice was competent evidence to show that at the time it was given plaintiff esteemed the road to be a public and not a private road.

Judgment reversed and cause remanded. All concur.