Campbell v. The Mo. Pac. R'y Co.

CAMPBELL v. THE MISSOURI PACIFIC RAILWAY COM-
PANY, *Appellant.*

In Banc, March 24, 1894.

1. Railroads: FIRES: STATUTE: CONSTITUTION. Revised Statutes,.
1889, section 2615, making railroads liable without proof of negligence·
for property injured or destroyed by fire set by their locomotives is.
constitutional. *Mathews v. Railroad, ante, p. 298, followed.*

2. ———: ———: ———: PLEADING. The fact that the petition.
unnecessarily charges negligence does not prevent a recovery under·
the statute without proof of negligence.

3. ———: ———: ———: EVIDENCE. Evidence that other fires, both·
before and subsequent to the one in question, at different places on·
the line of defendant's road had been started by some sparks from.
some of defendant's engines, *held*, admissible under the circum-
stances of this case.

4. ———: ———: ———: INSURANCE. Railroads are liable, under·
Revised Statutes, 1889, section 2615, for the destruction by fire of·
personalty and shrubs, trees and flowers on which they can not get.
insurance.

*Appeal from Moniteau Circuit Court.*—HON. E. L.
EDWARDS, Judge.

AFFIRMED.

*H. S. Priest* and *Wm. S. Shirk* for appellant.

(1) Where the evidence was very close, as in this
case, as to whether the defendant's engine set fire to
the buildings or whether they took fire from other
causes, and where the evidence did not show from
what particular engine or engines the fire escaped, it
was prejudicial error to permit the witness, Mrs.
Greenup, to testify that, about two weeks before this
fire, cinders from some one of defendant's engines set.
fire to some corn shucks in front of her door, and that.
since the fire she found cinders in clothes in her back

yard, and to permit Wm. Swearingen to testify that every year, frequently, along the railroad in that vicinity there are fires set out by the engines.  *Coale v. Railroad*, 60 Mo. 227; *Lester v. Railroad*, 60 Mo. 265; *Patton v. Railroad*, 87 Mo. 117; Redfield on Railways [3 Ed.], 455; *Railroad v. Woodruff*, 4 Md. 242. (2) Plaintiff's petition states a common law action purely, for negligently permitting fire to escape from its engines. It does not purport to state a statutory cause of action under section 2615. It does not allege that the engine from which the fire escaped was "in use" on defendant's railroad, nor in anywise refer to the statute. Plaintiff alleged one cause of action in his petition, and was permitted to recover upon another. This was error.  *Crutchfield v. Railroad*, 64 Mo. 255; *Cary v. Railroad*, 60 Mo. 209; *Rhea v. Railroad*, 84 Mo. 345; *Clements v. Yeates*, 69 Mo. 623; *Ellis v. Railroad*, 17 Mo. App. 126; *Stix v. Matthews*, 75 Mo. 96; *Field v. Railroad*, 76 Mo. 614; *Milburn v. Railroad*, 2 Mo. App. 426; *Nall v. Railroad*, 97 Mo. 68. (3) It was error to give plaintiff's first instruction, and to refuse to give defendant's second, third, fourth, fifth and sixth instructions. Plaintiff was not entitled to recover, without proof of negligence, as alleged in his petition.  *Groll v. Tower*, 85 Mo. 249; *Kenney v. Railroad*, 70 Mo. 243; *Palmer v. Railroad*, 76 Mo. 217; *Fitch v. Railroad*, 45 Mo. 322. (4) Plaintiff was permitted to recover under section 2615, Revised Statutes 1889. This was error because: *First.* Said section of said statute is unconstitutional and void, in that it impairs the obligation of the contract, between the state of Missouri and the defendant, contained in its charter, by the terms of which it is impliedly agreed that defendant might and could use fire for the purpose of generating steam to propel its locomotives and cars, and become thereby responsible only for the negligent

and careless use thereof. R. S. 1889, sec. 2543; Dartmouth College Case, 4 Wheat. 518; Bank v. Sharp, 6 How. 327; Com'rs v. Trans. Co., 107 Pa. St. 112; Railroad v. Railroad, 60 Md. 263; Bank v. Hamilton, 21 Ill. 53; Merriweather v. Garrett, 102 U. S. 472; Gas Co. v. Gas Co., 115 U. S. 668; People v. Road Co., 9 Mich. 285; Sloan v. Railroad, 61 Mo. 24; State ex rel. v. Greer, 78 Mo. 188; Burroughs v. Railroad, 15 Conn. 128; Rood v. Railroad, 18 Barb. 37; Bull v. Railroad, 5 Harr. (Del.) 401; Railroad v. Lackey, 78 Ill. 57. Second. It denies defendant the equal protection of the laws. Pearson v. Portland, 69 Me. 269; State v. Hays, 81 Mo. 586; Railroad v. Moss, 60 Miss. 641; Slaughter-house Cases, 16 Wall. 336; Railway Tax Case, 13 F. R. 722; Santa Clara Co. v. Railroad, 118 U. S. 394. Third. It takes defendant's property without due process of law. Railroad v. Lackey, 78 Ill. 57; Small v. Railroad, 51 Iowa, 340; Zeigler v. Railroad, 58 Ala. 594; Meller v. Martin, 16 Mo. 508; Khale v. Hobin, 30 Mo. App. 476; Catron v. Nichols, 81 Mo. 82; Wally's Heirs, 2 Yerg. 554. (5) Said section, if valid, only makes the fact of the injury prima facie evidence of negligence. Small v. Railroad, 51 Iowa, 346; Dill v. Railroad, 32 ‷ ⸱. & Eng. R. R. Cases, 324; Khale v. Hobin, 30 Mo. ⸱ ⸱.p. 476; Catron v. Nichols, 81 Mo. 82; Dimmitt v. Railroad, 103 Mo. 433. (6) Plaintiff was not entitled to recover under said section for personal property burned, nor for shrubs, trees and flowers upon which defendant could not obtain insurance. Chapman v. Railroad, 37 Me. 92.

Edwards & Davison and Draffen & Williams for respondent.

(1) There was no error in the action of the court in permitting the plaintiff to prove that the defendant's

engines, before and after the fire in controversy, had
started other fires in that vicinity within a short time
of the destruction of plaintiff's property. "It was
competent for the purpose of showing that sparks
might have escaped from defendant's engines and been
borne by the wind to a distance from the railroad track
equal to that of the house in question; thus showing a
possibility, and, in connection with other circum-
stances, a probability, that the fire originated in the
manner alleged in the complaint." *Sheldon v. Railroad*,
14 N. Y. 218; *Railroad v. Richardson*, 91 U. S. 454;
*Railroad v. Lewis*, 51 Fed. Rep. 658; *Railroad v. Gil-
bert*, 52 Fed. Rep. 711; *Smith v. Railroad*, 63 N. H. 25.
(2) It was unnecessary for the petition to refer to the
statute, in declaring defendant's liability for fires started
by sparks from its engines; nor is it material that the
petition alleged that the sparks were *carelessly* and *neg-
ligently* permitted to escape. "It is not necessary
for plaintiff to prove all the facts alleged in his petition,
but only sufficient of the allegations to make a cause of
action." *Morrow v. Surber*, 97 Mo. 155; *Radcliffe v.
Railroad*, 90 Mo. 127; *Kehoe v. Taylor*, 31 Mo. App.
588; *Schultze v. Railroad*, 32 Mo. App. 438; *Owen v.
Railroad*, 95 Mo. 169. (3) The court properly
instructed the jury, upon plaintiff's part, that his right
to recover was established, if the jury believed, from
the evidence, that the fire was caused by sparks that
escaped from one of defendant's engines in use upon
defendant's railroad. The statute makes the defendant
liable upon proof of that fact. Session Acts of 1887,
p. 101; *Railroad v. DeGraff*, 29 Pac. Rep. 664; *Rail-
road v. Arthur*, 29 Pac. Rep. 1031; *Rowell v. Railroad*,
57 N. H. 132; *Simmons v. Railroad*, 52 Conn. 264;
*Hazeltine v. Railroad*, 6 New Eng. Rep. 897. (4) The
act in question is constitutional. The various objec-
tions urged against the validity of the enactment, have

been fully considered by the courts of other states, having a similar statute, and the power of the legislature to pass the law held unquestionable, and that, too, whether the railroad company sought to be made liable, was incorporated before or after the passage of the act. *Grissell v. Railroad*, 4 New Eng. Rep. (Conn) 85; *Newton v. Railroad*, 5 New Eng. (Conn.) 614; *Railroad v. DeBusk*, 3 Law Rep. Annotated, 350; *Smith v. Railroad*, 63 N. H. 25; *Ross v. Railroad*, 6 Allen (Mass.), 87; *Pratt v. Railroad*, 42 Me. 579; *Hart v. Railroad*, 13 Met. 99; Pierce on Railroads, p. 444; 2 Wood's Railroad Law, sec. 331; *Rodemacher v. Railroad*, 41 Iowa, 297; *McCandless v. Railroad*, 18 L. R. A. 440. (5) The defendant was liable for the destruction of the trees as well as the other property belonging to the plaintiff. Our statute is broad enough to cover property of every kind. This question was considered and the authority relied upon by appellant discussed in *Grissell v. Railroad*, 4 New Eng. 85; *Hazeltine v. Railroad*, 6 New. Eng. 897.

MACFARLANE, J.—This is an action to recover damages, as alleged, by the burning of plaintiff's building, fences, shrubbery, etc., by fire communicated from one of defendant's locomotives. The petition charged negligence on the part of defendant in permitting fire to escape. The answer was a general denial.

It is agreed by counsel that the evidence, though circumstantial, tended to prove that the fire, which consumed plaintiff's property, was communicated from one of defendant's engines while being operated on its road. The court permitted a recovery under section 2615, of the statute, without proof of negligence on the part of the defendant.

I. The first proposition insisted upon as ground for reversal of the judgment is, that said section 2615,

which makes every person and corporation responsible in damages for property injured or damaged by fire communicated directly or indirectly by locomotive engines, in use upon their railroads, without proof of negligence, is unconstitutional. This objection has received the careful consideration of this court *in banc* at this term in the case of *Mathews v. Railroad, ante,* p. 298, in which the statute in question was held valid. The objection under the authority of that case must, therefore, be overruled.

It may not be out of place here to take the occasion of stating that, in my opinion, the statute can be sustained on the broad ground, that it is merely remedial in its character, and is authorized under the general powers of the legislature to provide appropriate remedies for the redress of such wrongs as are contemplated. "The remedy does not alter the contract or the tort; it takes away no vested right; for the defaulter can have no vested right in a state of the law which left the injured party without, or with only a defective, remedy." Endlich on Interpretation of Statutes, sec. 285.

It is unquestioned that the utmost diligence and care can not prevent the escape of fire from locomotive engines. We have, then, this condition of things. The corporation is given the right, by the statute, to run its engines by steam power, necessitating the use of fire. Fire necessarily escapes, and is scattered along the route. The citizen owns property, on the line of the road, which is exposed to fire from those engines, regardless of the care and vigilance he may exercise. Both parties are faultless, but, nevertheless, the property of the owner is consumed by fire from an engine. The property owner has the right to own the property, and to claim protection under the law, equal at least, to the right of the corporation to use fire on its engines. The

loss must necessarily fall upon one or the other of these parties. Which one of them shall suffer the loss, the one through whose agency the damage was caused, though in the lawful use of its own property, or the one equally innocent of wrong, and who had no agency in causing the damage? Tested by the rule of natural right and equity, there could be but one answer to the inquiry. This answer is formulated into the maxim that "every one should so use his own property as not to injure that of his neighbor."

Prior to the statute under consideration the loss was made to fall upon the owner, who was innocent of fault in the use and care of his own property, and had no part in setting at liberty the destructive agency. The rule was manifestly unjust. To change this rule, and place the liability where it should rest, is the purpose of the statute. In the language of DEWEY, J., in *Lyman v. Railroad*, 4 Cush. 290, we consider the statute "as one of those general remedial acts passed for the more effectual protection of property, against the hazards to which it has become subject by the introduction of locomotive engines. The right to use the parcel of land appropriated to a railroad does not deprive the legislature of the power to enact such regulations, and impose such liabilities for injuries suffered from the mode of using the road, as the occasion and circumstances may reasonably justify." The statute considered in that case imposed on the railroad company absolute liability for damages caused by fires escaping from engines.

So, in a recent case in Connecticut, the court in discussing a similar statute says: "In this view of the case the statute rests upon broad grounds of justice and equity. It is designed to do justice where before there was a partial failure of justice. It is, therefore, a remedial statute in the best sense, and we must so con-

strue it as to suppress the mischief and advance the remedy." *Martin v. Railroad,* 62 Conn. 340.

The contract between the state and the corporation is that the latter may propel its trains by the use of steam generated by fire. There was no agreement that it should be exempt from liability for the consequences resulting to others from its use of fire. In respect to such consequences it is subject to control by remedial laws to the same extent as natural persons. Fire, when uncontrolled, is necessarily destructive of property. As shown in the opinion of GANTT, J., in the *Mathews case, supra,* damage caused by fire was recoverable at common law without proof of negligence. There is no reason why the common law could not, or indeed, should not, be restored, in cases in which the lawful use of property by one necessarily exposes the property of others to damage by fire.

A statute of this state declared that "if any person shall willfully set on fire any woods, marshes or prairies, so as thereby to occasion any damage to any other person, such person shall make satisfaction for such damage to the party injured, to be recovered in an action on the case." R. S. 1845, p. 1091, sec. 3. This act came before this court in 1848 and its validity was not questioned, though that distinguished jurist, Leonard, afterwards judge of this court, represented the party charged with the damage, and a recovery without proof of negligence was affirmed. In that case the court held that the fact, that the fire was set on defendant's land, constituted no defense under the statute. *Finley v. Langston,* 12 Mo. 123. A similar statute was held valid by the supreme court of Iowa, *Conn v. May,* 36 Iowa, 241.

We think there can be no doubt that the state has the power to impose absolute liability upon one causing loss of property to another, by the use of agencies

necessarily destructive, and, in the use of which, absolute control is impossible, whether the one using the agency be a private person or a corporation.

II. The petition charged that the fire causing the injury was permitted to escape through the negligence of defendant, and the court permitted a recovery under the statute without proof of negligence. Defendant assigns this action of the court as error in that it permitted a recovery upon a cause of action different from that charged in the petition. The petition states all the facts necessary to authorize a judgment under the provisions of the statute, and, in addition thereto, the allegation of negligence. By the statement of more than was required, plaintiff did not forfeit his right to recover upon proof of the facts he was required to state, and did state, in his petition. *Radcliffe v. Railroad*, 90 Mo. 131; *Morrow v. Surber*, 97 Mo. 155.

III. During the trial, witnesses were permitted to testify, over the objection of defendant, that other fires, both before and subsequent to the one in question, at different places on the line of defendant's road, had been started by sparks from some of defendant's engines. The admission of this evidence is assigned as error.

In *Coale v. Railroad*, 60 Mo. 227, this court held that, in order to prove that one engine was insufficient, or that the employees of the company in charge of such engine were careless or incompetent, evidence was not admissible to prove that other engines were defective and other employees were incompetent or negligent. The ruling in that case is not controlling on the question of the admissibility of the evidence complained of here, for the reason that the statute creates an absolute liability, without respect to the character of the machinery, or the competency of the employees. The admission of the evidence was clearly harmless if

it only tended to prove want of care on the part of defendant.

The only issue, involving the liability of defendant, was whether the fire was communicated to plaintiff's property directly, or indirectly, by a locomotive engine in use upon its road.   Was this evidence admissible as tending to prove that issue?   The question was sharply contested on the trial, whether the fire causing the damage did, in fact, originate from one of defendant's engines.   The evidence was all circumstantial. It was important, then, to show that there was a possibility, that sparks may have been thrown a distance sufficient to reach the building in which the fire originated, and that they contained heat enough to set it on fire.   The facts that live sparks were thrown from engines, and did ignite grass, and other combustible materials, would tend to prove the probability that the fire was communicated from an engine.   It was not shown that the engine, from which alone the fire could have been communicated, was constructed or manned with more care than all others in use on the road. The admissibility of such evidence was affirmed in *Sheldon v. Railroad*, 14 N. Y. 223, by a divided court.

The court in that case says: "The competency of this evidence has been directly decided in the English court of common pleas.   *Piggott v. Railroad*, 10 Jur. 571; *Aldrige v. Railroad*, 3 M. & G. 515.   These cases, upon this point, are well decided.   The principle is essential in the administration of justice, inasmuch as circumstantial proof must, in the nature of things, be resorted to, and inasmuch as the jury can not take judicial cognizance of the fact that locomotive engines do emit sparks and cinders which may be borne a given distance by the wind.   The evidence was competent to etablish certain facts which were necessary to be established in order to show a possible cause of the accident,

and to prevent vague and unsatisfactory surmises on the part of the jury." This ruling was followed without division in *Field v. Railroad*, 32 N. Y. 339; *Webb v. Railroad*, 49 N. Y. 421.

A similar ruling was made by the supreme court of the United States in *Railroad v. Richardson*, 91 U. S. 470. Mr. Justice STRONG, who wrote the opinion of the court, says: "The question has often been considered by the courts in this country and in England; and such evidence has, we think, been generally held admissible, as tending to prove the possibility, and consequent probability, that some locomotive caused the fire." He follows this statement of the law by a number of citations both English and American, including the case of *Sheldon v. Railroad*, *supra*.

Further on in the same opinion the judge says: "The particular engines were not identified; but their crossing raised at least some probability, in the absence of proof of any other known cause, that they caused the fire; and it seems to us, that, under the circumstances, this probability was strengthened by the fact that some engines of the same defendant, at other times during the same season, had scattered fire along their passage." To the same effect are the following cases: *Smith v. Railroad*, 63 N. H. 25; *Railroad v. Gilbert*, 52 Fed. Rep. 711; *Thatcher v. Railroad*, 85 Me. 509.

We think the evidence tended to prove the possibility, and consequent probability, that the fire was communicated to plaintiff's property from one of defendant's engines, and that the evidence was admissible and its probative force was for the determination of the jury. If the issue had been of negligence in the construction or management of the engine only, and the engine which could only have caused the damage, had been clearly identified, evidence that other engines

emitted sparks and set fires, would have been inadmissible under the decisions of this court. *Coale v. Railroad, supra; Patton v. Railroad,* 87 Mo. 117. But, in case the fact, whether the fire originated from the engine, was alone in issue, and there was no direct proof of the fact, it seems very clear that such evidence would have some tendency to prove that issue. The evidence was all circumstantial, and the facts testified to were circumstances, though slight they may have been, bearing upon the issue.

IV. Defendant insists, further, that plaintiff was not entitled to recover under the statute for personal property burned, nor for shrubs, trees and flowers upon which defendant could not obtain insurance. For support of this contention counsel cite *Chapman v. Railroad,* 37 Maine, 92. The loss considered in that case was of a lot of cedar posts temporarily deposited near the road. The statute made the railroad responsible when a building or other property is injured by the fire communicated by a locomotive engine; and gave to the corporation "an insurable interest in the property along the route, for which it is responsible." After discussing the statute the court says: "The conclusion to which we have arrived is, that the liability of railroad corporations, under this statute, extends only to property permanently existing along their route, and capable of being insured, and that as to movable property, having no permanent location, the liability of such corporations is to be determined by the principles of the common law." In *Pratt v. Railroad,* 42 Me. 579, the same court held that the liability of the company under this statute was not confined to real estate but extended to personal property as well.

Exemption from responsibility under the statute of that state has never extended beyond injury to movable property temporarily placed near the track. In the

recent case of *Thatcher v. Railroad, supra,* the supreme court of that state very evidently disapproves the decision in the *Chapman case,* though it expressly states that it had no intention of overruling it.

The court agreed that a different construction of the statute had been given by the courts of Massachusetts, Vermont and New Hampshire, from the one declared in the *Chapman case.*

We do not think so narrow a construction should be given our statute. It is remedial and such construction should be given it as will advance the remedy. Indeed the language of the statute is too plain and unambiguous to admit of but one construction. The corporation shall be responsible "to every person or corporation whose property may be injured or destroyed." This language leaves no room for discussion as to the character of the property contemplated; it includes all property that may be injured or destroyed.

We do not think it necessary to the validity of the statute that the railroad corporations should have been given an insurable interest in the property upon the route of their roads; nor does the fact that such interest was given limit their responsibility to insurable property, that may be injured or destroyed. The purpose of the law was to give the corporation the same right and opportunity of protection, and indemnity from fires, as the owner of the property had. What property is the subject of insurance, must be determined by the insurance companies, whether the indemnity is sought by the owner or by the corporation. Judgment affirmed. SHERWOOD, J., dissents; BARCLAY, J., absent. The other judges concur.