## BANK OF AURORA v. LINZEE, Appellant.

### Division Two, January 17, 1902.

1. **Deed:** BEST AND SECONDARY EVIDENCE. Where a deed can not be produced, its record should be offered, and parol evidence is inadmissible.

2. **Ejectment:** INTEREST OF THIRD PERSONS. In ejectment, defendant can not show an outstanding equitable interest in a third person.

3. **Decree:** REFORMATION OF DEED: DESCRIPTION. A decree, rendered in 1896, which reformed a deed of trust executed in 1890, by changing the description of the land conveyed so as to include the homestead of the grantor, speaks, as between the parties, from the date of the execution of the deed of trust; and the deed is not affected by the Act of 1895, forbidding the sale of the homestead by the husband without the wife joining therein.

4. **Ejectment:** NECESSARY PARTIES: WIFE'S HOMESTEAD RIGHTS. In ejectment, defendant could not defend his wife's alleged homestead rights, where she was not a necessary party, and was not made a party.

Appeal from Dade Circuit Court.—*Hon. D. P. Stratton,* Judge.

AFFIRMED.

*W. Cloud* for appellant.

The proceeding had in the circuit court of Lawrence county resulting in the decree relied on by respondent, could not affect the rights of Cheedle or Mrs. Linzee for the reason that they were not parties to such proceedings. The mortgage to plaintiff, whatever the intention of the parties, did not convey the property in controversy. Hence, the title remained in defendant Linzee till the decree of August, 1896, unless conveyed to Vanhook in 1894. If the conveyance to Vanhook was set aside, then the title reverted to him and re-

mained in Linzee till the sheriff's sale. The husband was thereafter possessed and seized of an estate which neither he nor the court for him could convey or divest, without his wife joined with him in conveying or divesting it. The law having cast an estate on her, it could only be divested by her voluntary act or by appropriate decree in some action to which she was a party. It is immaterial what his intention was in signing the mortgage to plaintiff, the law having vested his wife with rights that he could not alienate. The conveyance could not be so reformed as to divest her interest without a day in court, and it is no answer to say that the defendant had divested himself in equity of the right to claim a homestead as against this plaintiff, before this law was enacted, for she was entitled to be heard on this very question and she could not be heard without being a party; otherwise, if a husband wanted to defeat his wife's homestead, it would only be necessary to allege a prior conveyance of some other property and an intention to convey the homestead; make no defense; let a decree go reforming the conveyance, and without an opportunity to be heard, she would be effectually barred of her homestead. Waples on Homestead, sec. 2, p. 683; Watts v. Gallagher, 97 Cal. 51; Hefner v. Upton, 71 Cal. 479; Stockton Bldg. v. Chalmers, 75 Cal. 332; Fitzgerald v. Fernandez, 71 Cal. 504; Mayberry v. Ruiz, 58 Cal. 11; Sargent v. Wilson, 5 Cal. 504; Moss v. Warner, 10 Cal. 296; Revolk v. Kraemer, 8 Cal. 66; Marks v. Marsh, 9 Cal. 97; Burnap v. Cook, 16 Iowa 149; Larcon v. Reynolds, 13 Iowa 548; Gapen v. Stephenson, 17 Kan. 617; Morris v. Ward, 5 Kan. 239; Cleoven v. Biglow, 61 Mich. 53; Hudson v. VanFossen, 26 Mich. 68; Bunce v. Bidwell, 43 Mich. 542. A wife can not be ejected from her homestead without being made a party. Davis v. Whitney, 61 Mich. 518; 10 Ency. Pldg. and Prac., pp. 60 and 68.

Vol 166 mo—32

*Carr McNatt* and *John L. McNatt* for respondent.

(1) Neither Cheedle nor Mrs. Linzee are parties to this action, ánd their rights, if any they have, are not affected by this suit. Atkinson v. Dickson, 89 Mo. 464; Bledso v. Simms, 53 Mo. 305. (2) The deed of trust (reformed) under which respondent claims title, was executed before the laws of 1895 forbidding the sale of a homestead without the joinder of the wife was enacted—hence, that statute can not control in this action. State v. Miller, 50 Mo. 129; Constitution U. S., sec. 10. (a) At the time the deed of trust was executed in 1890, Mrs. Linzee had only an inchoate right of dower in the land and she divested herself of that by joining in the execution of the deed of trust. Tiedeman on Real Prop. (Enl. Ed.), sec. 115; Hoyt v. Oliver, 59 Mo. 188. (b) The decree of court reforming the deed of trust, in 1896, related back, and made that instrument a valid lien as between the parties from the date of its execution in 1890. Rhodes v. Outcalt, 48 Mo. 367; 20 Am. and Eng. Ency. Law (1 Ed.), p. 726; Fitch v. Gosser, 54 Mo. 267; Essex v. Day, 52 Conn. 483; Key v. Jennings, 66 Mo. 370. (c) Appellant's wife was not a necessary party to the action reforming and foreclosing the deed of trust. Riddick v. Walsh, 15 Mo. 538; Thornton v. Pigg, 24 Mo. 249.

SHERWOOD, P. J.—Ejectment for land in Lawrence county, and change of venue to Dade county. Answer, general denial. The evidence showed that defendant, a number of years before this suit was brought, to-wit, in 1890, had owed plaintiff a considerable sum on notes secured by deed of trust in which wife joined, with Wheat as trustee. Through mistake or otherwise, description of land in deed wrong, and suit brought by present plaintiff against defendant and one Vanhook to reform the deed. This reformation occurred and a decree was entered to that effect. The decree showed, by

its recitals of fact, that Vanhook was in conspiracy with defendant, to defraud plaintiff of its rights, and, in furtherance of this fraudulent scheme, defendant made a general warranty deed of the property to Vanhook; got the description wrong, and then corrected it by a quitclaim deed executed in 1894, consideration $1, in which deed defendant's wife joined, relinquishing her dower; and that Vanhook executed to defendant notes and a deed of trust on the correctly described property, which was, also, part and parcel of the fraudulent scheme aforesaid.

After reforming the deed of trust in this behalf first aforesaid mentioned, the decree went on to foreclose the equity of redemption of defendant in the land as described in the reformed deed of trust, and authorizing the sheriff of Lawrence county to sell the realty thus described. Then plaintiff introduced in evidence, the reformed deed of trust, recorded, and the deed of the sheriff to plaintiffs under sale, under the decree of foreclosure.

Evidence was also introduced showing defendant in possession at time of action brought; value of rents and profits, and that defendant had built the house on the property, and had lived there ever since 1885 or 1886, with his wife and daughter.

The documentary evidence adduced left no doubt as to title being in plaintiff, and the court on this theory and proof properly instructed the jury that such document, as aforesaid, vested the legal title in plaintiff, and directed them to find accordingly, and to assess damages and monthly rents and profits.

The errors assigned by defendant, are three, and these:

First, in excluding testimony tending to prove that defendant's wife was holding under the outstanding title of Cheedle; second, in ignoring the right of the wife to enjoy her homestead; third, in instructing the jury to find for plaintiff.

Regarding the first assignment, there was nothing in the nature of legal evidence that Cheedle had any "outstanding title." The offer of defendant to testify to it was clearly not the best evidence, supposing such evidence competent, as the deed of trust, if any, should have been produced, or, if destroyed, the record of it should have been offered, instead of oral testimony to prove the conveyance. [Turner v. Williams, 76 Mo. loc. cit. 618; Cooper v. Ord, 60 Mo. loc. cit. 430, et seq.]

But Cheedle was not a party to the suit, and although he was duly subpoenaed by plaintiff, failed to come forward and testify. If Cheedle was not a party to the suit, he could not be prejudiced by anything occurring in that suit. Besides, in the same offer of testimony of defendant himself, it was offered to be shown that after the decree of reformation and foreclosure aforesaid, Linzee, as the tenant of Vanhook, had been paying rent to the latter, until the occurrence of the decree, above mentioned, when he immediately "turned the property over to his wife, for Mr. Cheedle, her brother, since which time she has had control of the property, occupying it and controlling it for Mr. Cheedle who holds the past due mortgage."

But, as before stated, there was no evidence as to the existence of such mortgage or deed of trust; and more than that, such offered testimony was in direct conflict with what defendant and other witnesses had previously testified, that defendant himself had built the house on the property in question, in 1885 or 1886, and had lived in it ever since, with his wife and daughter. In these circumstances, the turning-over process of the property to his wife after the reforming decree was entered, was, considering the antecedent circumstances mentioned in that decree, somewhat too diaphanous to be readily credible. And the decree of the court, though rendered in 1896, related to the date of the deed of trust which it reformed. to-wit, 1890, and left in defendant only an equity of redemp-

tion, having made the deed a valid lien, as between the parties, from the date of its execution.    [Rhodes v. Outcalt, 48 Mo. 367; Fitch v. Gosser, 54 Mo. 267; 20 Am. and Eng. Ency. of Law (1 Ed.), p. 726.]

The deed of trust, then, having been reformed, and such reformation relating to 1890, as between the parties, was consequently executed at that date in contemplation of law, and this being the case, the Act of 1895, forbidding the sale of the homestead by the husband, without joining the wife in the deed, does not apply here.    And, at the time the deed of trust was executed in 1890, defendant's wife had only an inchoate right of dower in the property.    And having such an inchoate interest in the property, she was not a necessary party to the suit.    This has been the rule in this State ever since Riddick v. Walsh, 15 Mo. 519.

As the wife was not a necessary party to this suit, and was not made a party, the burden did not lie on defendant's shoulders, to defend his wife's supposed homestead rights.

The third assignment of error has already met with consideration.    We affirm the judgment.    All concur.