SARAH C. ERHART, Respondent, v. WABASH RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, April 19, 1909.

1. **RAILROADS: Fire: Evidence: Judicial Notice.** The evidence relating to fire being communicated from passing engines to a dwelling-house is reviewed and held sufficient to go to the jury notwithstanding the slow movement of the engines, since the court must take judicial notice that starting an engine takes more power than to continue its slow movements.

2. ——: ——: ——: **Ownership: Possession.** Title to real estate cannot be shown by parol evidence, but possession of land under claim of title is as against a stranger prima-facie evidence of title.

3. ——: ——: ——: **Insurance: Payment.** Where a railroad sets fire to a residence it is immaterial how much or how little the owner may receive by way of indemnity from insurance, since the railroad is not a party to and has no interest in the insurance contract.

Appeal from Macon Circuit Court.—*Hon. Nat. M. Shelton*, Judge.

AFFIRMED.

*J. L. Minnis* and *Robertson & Robertson* for appellant.

(1) The court erred in admitting evidence as to how far engines of the defendant had thrown sparks upon other occasions without limiting the inquiry to the

same class of engines that were in use upon the tracks of the defendant near the poultry house just prior to the fire on the 16th of September, 1907, and without limiting the inquiries to the same conditions of use as those of the operations of the engines at the time and place aforesaid. (2) The court erred in permitting plaintiff's counsel to cross-examine defendant's engineers in charge of defendant's engines that were in use upon the tracks near the poultry house just prior to the fire as to how far and how high such engines might throw sparks when working at full power when all of the evidence showed that the engines were being worked very slowly at low power. (3) The court erred in failing to give defendant's peremptory instruction offered at the close of the evidence for the plaintiff. Gibbs v. Railroad, 104 Mo. App. 276. (4) The court erred in refusing to give defendant's instruction 4, directing a verdict, for the defendant at the close of all the evidence. Gibbs v. Railroad, 104 Mo. App. 276; Elliott on Railroads, secs. 1233, 1234; Insurance Co. v. Railway, 23 Am. St. Rep. 151; Insurance Co. v. Railroad, 44 Am. St. Rep. 725, and note 739; R. S. 1899, secs. 540, 542, 543, and 544. (5) Under the terms of the insurance policy introduced in evidence, upon payment of the loss, the insurance company and the plaintiff became joint owners of the cause of action, if any, and the plaintiff could not recover in this suit. Elliott on Railroads, secs. 1233, 1234; Insurance Co. v. Railway, 23 Am. St. Rep. 151; R. S. 1899, secs. 540, 542, 543, 544.

*C. A. Barnes* and *Fyke & Snider* for respondent.

(1) Appellant's first suggestion of error, is that evidence of how far defendant's engines had thrown sparks on other occasions without limiting such inquiry to the same class as the engine at the scene of the fire, and complaint of the questions permitted on cross examination have been ruled against appellant's contention so often, the question apparently should be sufficiently well

settled. In Campbell v. Railway, 121 Mo. 340; Lead Co.
v. Railway, 123 Mo. App. 394; Connor v. Railroad, 181
Mo. 413; Fields v. Railway, 113 Mo. App. 647.  (2)
Defendant claims a verdict should have been directed for
defendant upon authority of Gibbs v. Rd., 104 Mo. App.
276.   Fairly   applied,   that   case   sustains   the   re-
fusal of defendant's demurrer and instruction 4.   (3)
The law upon the subject of appellant's point 5 has been
several times considered by Missouri courts and is well
settled. Matthews v. Railroad, 142 Mo. 645; Dillon v.
Hunt, 105 Mo. 154; Insurance Co. v. Wabash, 74 Mo.
App. 106.

BROADDUS, P. J.—This action is to recover dam-
ages for the burning of plaintiff's houses, furniture and
trees on her premises. The trial resulted in a judgment
for plaintiff in the sum of $1,600, from which defendant
appealed. The appellant's first contention is that under
the pleadings and testimony the plaintiff did not make
out a case for recovery.

The fire occurred on the 16th day of September,
1907, in Centralia at about the hour of noon.  The fire
was communicated to plaintiff's house from sparks from
a burning building near the tracks of the defendant's
railroad, which plaintiff claims was set afire by sparks
emitted by defendant's engines.  The burning building,
which set fire to plaintiff's house, was what was known
as the Priebe-Simetar poultry house and was situated
about one hundred feet north of defendant's main track
and about seventy-five feet north of defendant's switch
tracks.  The poultry house was a frame structure with
a shingle roof, was sixty feet long by twenty feet wide,
with an ell twenty feet by thirty-two feet joined onto the
north side.  At the time it was occupied by Swift & Co.,
who were engaged in the egg and poultry business.  The
main part of the building was two stories high without
any ceiling between the upper floor and the roof.  This
upper story was occupied as a place of storage for lum-

ber for egg cases and empty barrels.  It was shown that a short time before the fire, which burned the building and which occurred at about 10:30 o'clock a. m. of the day, two of the defendant's engines were engaged in switching nearby.  There was evidence that the engines of the defendant while in operation threw out sparks, but no one seemed to have noticed that they did so on the occasion in question.  There was a brisk and somewhat variable wind blowing from the south and southwest at the time.

Plaintiff introduced evidence tending to show that the fire was first discovered in the roof and near the southwest corner.  There was evidence to the effect that engines attached to passing trains sometimes threw out cinders as far as the poultry house in question.  A witness testified that the roof was dry and much dilapidated with holes in it sufficient to admit the light.

The defendant's evidence tends to prove that the fire started inside under the roof, which must have been communicated by some one of the employees of Swift & Co., who were shown to have been habitual smokers while at their work.  It was also shown that the engines that had been switching moved slowly—not over the rate of two miles an hour; and defendant's engineers testified that under such conditions they did not throw out sparks.

We believe there was ample evidence on the part of the plaintiff tending to show that the fire caught in the roof of the building.  It then remains to be seen if there was any evidence tending to show that the fire was communicated by sparks from defendant's engines.  There being no direct proof of that fact, the matter must rest upon inference to be drawn from the circumstances and surroundings.  It may be inferred that, going at the rate of two miles an hour, an engine would not ordinarily throw out sparks so as to set fire to a building seventy-five or one hundred feet away.  But we must take into consideration that the engines while switching at times

were still and that in starting up they do sometimes throw out sparks, as it requires more power to start them than it does to continue a slow movement afterwards. This, we believe, to be common observation and experience.

With a brisk wind blowing from the south from defendant's tracks, sparks from an engine could be carried north to the roof of the building, which in its condition was very susceptible of being ignited. And, if the fire started in the roof, there is no other reasonable manner in which to account for its origin except by sparks from one of defendant's engines. [Gibbs v. Railroad, 104 Mo. App. 276.] The evidence left it as a question for the jury.

It is contended that it was not shown by competent evidence that plaintiff was the owner of the building—that title to land cannot be shown by oral evidence. The only evidence introduced was that of plaintiff that she owned and occupied it as her place of residence, and that she had about ten years previously caused its construction at a cost of $1,600. The defendant objected to the manner of proving ownership. In Bank of Aurora v. Linzee, 166 Mo. 496, which was a suit in ejectment, it is held that oral evidence is not the best evidence of title. And, in Turner v. Williams, 76 Mo. 617, where title was involved, it is held that title to land cannot be established by mere oral statements of witnesses. It cannot be doubted but such is the universal rule in such cases. But, "Possession of land under claim of title is, as against a stranger, prima-facie evidence of title." [Kansas City Suburban Belt Railway Co. v. Norcross, 137 Mo. 415.]

The plaintiff admitted that her property had been insured and that the insurance company had paid her $1,011 for her loss, $11 of which was for goods destroyed. The defendant contends that the estimated value of the building at $1,600, less depreciation of five per cent a year, would fix its value at the time of the fire at $960,

an amount less than the insurance received by plaintiff. But defendant has misconstrued the evidence. The witness, who estimated the value of the building, placed it at $1,600 after allowing for the depreciation.

However, as to that matter, it could make no difference how much or how little the plaintiff received by way of indemnity from the insurance company for her loss; her damages cannot be reduced thereby, the defendant not being a party to the insurance contract and having no interest therein. [Matthews v. Railway, 142 Mo. 645.]

We believe every point raised by the defendant on the appeal has been determined. The case was well tried and, finding no error, it is affirmed. All concur.