## NEIL MURPHY et al., Appellants, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY.

**Division One, February 28, 1913.**

1. **EVIDENCE: Foreign Statute: Not Pleaded.** A petition for loss of machinery caused by fire, alleged to be due to the negligence of a railroad company and to have occurred in Kansas, and which pleads a section of the Kansas fire act as a basis for the plaintiff's right to recover attorney's fees, in addition to other damages, must be considered, not a suit based upon the law of the forum, but one based on the law of Kansas; and defendant, though its answer is only a general denial, has the right to introduce in evidence a certain section of said Kansas fire act fixing the measure of its liability.

2. **FIRE: Caused by Railroad: Kansas Law: Burden of Proof.** The owner of property who sues under the Kansas statute for damages from fire caused by a railroad, makes out a prima-facie case by showing that the fire originated from a railroad engine and that damages resulted, and then the burden shifts to defendant, which may show that the fire was not the result of its negligence. And where plaintiff by his petition seeks to recover under the Kansas law, defendant may introduce a statute of that State declaring it may overcome plaintiff's prima-facie case by showing it was not negligent, and if correct instructions were given on that theory and no error was committed in the admission and exclusion of evidence, a verdict and judgment for defendant will be affirmed on appeal. The Kansas statute is very different from the Missouri statute.

Appeal from Jasper Circuit Court.—*Hon. D. E. Blair,* Judge.

AFFIRMED.

*S. C. Westcott, Fyke & Snyder,* and *Clay & Davis* for appellants.

(1) If the law of Missouri is to control, instruction 1 should have been given. Matthews v. Railroad, 142 Mo. 645. (2) If the law of Kansas controls, instruction 2 should have been given. Railroad v. Gibson, 42 Kan. 34; Railroad v. Kerroker, 46 Kan. 511.

(3) If the law of Missouri is to control, defendant's instructions 3, 4 and 5 were improperly given. They are erroneous in any event because they do not place the burden of proving that defendant was not negligent, upon the defendant. (4) Defendant's own evidence showed that one of the engines was not constructed with the latest and most improved means for preventing the escape of sparks. (5) There is not a word of evidence that the engineer or fireman were at the time properly operating the engines or either of them, or what they were doing as the trains passed Galena. Railroad v. Kerroker, supra. To leave it to the jury to say whether or not the engine was properly operated, was error. Moreover, the evidence showed without dispute, that one of the trains was an unusually heavy train. If the train was so overloaded as to put an unusual burden upon the engine, that might amount to negligence. (6) Defendant's instruction 5 is erroneous, because while if it be true that plaintiff's prima-facie case might be overcome, nevertheless it was improper to tell the jury that if defendant had done certain things that it was overcome. It was for the jury to weigh the evidence and determine from all the facts whether defendant was or was not negligent. (7) The statute of Kansas was not pleaded, and was therefore improperly admitted in evidence. McDonald v. Life Assn., 154 Mo. 618; Gibson v. Railroad, 225 Mo. 473. It will not be presumed that the common law is in force in Kansas. Mathieson v. Railroad, 29 Mo. 542. Kansas was never subject to the common law. Therefore in this case the law of Missouri controls: Floto v. Mulhall, 72 Mo. 532; Goldsall v. Burk, 80 Mo. 631; Hurly v. Railroad, 57 Mo. App. 675; Guinochio v. Railroad, 155 Mo. App. 163.

*W. F. Evans* and *Mann, Todd & Mann* for respondent.

(1) The Kansas statute introduced in evidence by the defendant, section 5923, is a negligence statute. According to the reading thereof, as well as according to the construction put thereon by the Supreme Court of the State of Kansas, all a plaintiff is required to do is to prove by the preponderance or greater weight of the evidence that defendant's engine communicated the fire, and this is presumptive evidence of negligence on the part of the railroad, and the burden is thereupon simply shifted to it to show the absence of negligence. There is no attempt to make a railroad liable in the absence of negligence, but it simply shifts the burden of proof upon the company when a fire is shown to have been caused by the operation of its road. Railroad v. Merrill, 40 Kan. 404; Railroad v. Gibson, 42 Kan. 34. And if the Kansas law should cover this case, instructions given on behalf of defendant are correct. Railroad v. Fortley, 51 Kan. 287. (2) If the law of Kansas controls, plaintiff's refused instruction 2 was properly refused, and no error was committed. According to the allegations of the petition and the evidence, the fire occurred in the State of Kansas, and the law of Kansas controls. Still, plaintiff's instruction 2 was properly refused for the reason that every proposition and hypothesis therein contained is fully covered in instructions 3, 4 and 5, given by the court, at the request of plaintiffs and on their behalf, and to have given instruction 2 would have been a mere repetition. Connolly v. Ptg. Co., 166 Mo. 447; State v. Thornhill, 177 Mo. 691; State v. Barrington, 198 Mo. 23; Wright v. Kansas City, 187 Mo. 678; Waddell v. Railroad, 213 Mo. 8. (3) Appellants contend that the statute of Kansas was not pleaded, and was, therefore, improperly admitted in evidence on the part of the defendant. The statute of Kansas was pleaded by the plaintiff, but imperfectly pleaded. The sixth clause in plaintiff's petition alleges, by a fair inference, that the action is brought under the Kansas

statute, and pleads a section thereof other than that providing for the cause of action. The case was tried throughout without objection upon the theory of negligence on the part of the defendant in communicating the fire. And it was permitted, without objection, to introduce testimony tending to show that it was not guilty of such negligence in any of the particulars specified in plaintiff's petition. Having been so tried, the court will not reverse and remand the case to the end that the pleading may be amended and made more specific and the case retried with the pleadings made more specific upon exactly the same theory and with exactly the same evidence, and with presumably precisely the same result. Frye v. Railroad, 200 Mo. 408; Wise v. Railroad, 85 Mo. 188; Bragg v. Railroad, 192 Mo. 357. Where it is apparent upon the face of the petition that the action is an action upon foreign statute, and the record shows that it is tried upon that theory, plaintiff after judgment against him shifts his position on appeal and contends that he states the cause of action otherwise, he is estopped. No attempt was made to state a cause of action under the statutes of Missouri. Mathieson v. Railroad, 219 Mo. 549; Ham v. Railroad, 149 Mo. App. 205.

GRAVES, J.—By action in the circuit court of Jasper county, Missouri, plaintiffs seek to recover the value of a certain ore crusher and mill and machinery therein. This property is alleged to be in the county of Cherokee and State of Kansas and at the city of Galena. By allegation it is charged that said property was of the value of $8000 or more and it was destroyed by fire occasioned by and through the negligence of defendant. Up to this point the petition is one in usual form for cases of this character, but thereafter there appears an allegation in the petition in this language:

"Plaintiffs allege that as before stated herein this cause of action arose in the county of Cherokee in the State of Kansas; that the statute of the State of Kansas, section 6382 of the Revision of 1905, which said statute was in force and effect at the time this fire occurred, provides that, 'In all actions commenced under this act, if the plaintiff shall recover, there shall be allowed him by the court a reasonable attorney's fee, which shall become a part of the judgment.' Plaintiffs say that in this action it has become and been necessary for them to employ attorneys to prosecute this suit; that a reasonable compensation for the services of such attorneys, and a reasonable attorney's fee in this cause is $1000. Wherefore plaintiffs ask judgment against defendant for their damages sustained as aforesaid in the sum of $8000, and for a reasonable attorney's fee herein in the sum of $1000."

We quote this paragraph from the petition because the matter therein alleged becomes a material issue in the case.

The answer is a simple general denial.

Upon trial before a jury a verdict was returned for the defendant, and upon that verdict a proper judgment was duly rendered. From such judgment the plaintiffs have appealed and have alleged as error a number of matters referring to the giving of instructions, the admission of evidence and things of like character. These, however, can be better pointed out in the course of the opinion. For the present this sufficiently states the case.

I. The real questions in this case arise upon the admission of evidence and the giving and refusing of instructions. If no errors prejudicial to plaintiffs occur in these respects, then there is evidence in the record which would sustain the verdict of the jury. In fact, as a rule the evidence for a railroad company charged

**Foreign Statute: Evidence.**

with the negligent burning of property usually has to
be unusually strong to induce an acquittance at the
hands of an average jury. Those of us having *nisi*
experience realize this fact.

One of the first objections urged is the introduc-
tion of a certain Kansas statute, section 5923 of the
Kansas Statutes for the year 1901. This matter was
offered by the defendant, and is the first section of
the Kansas railroad act pertaining to liabilities of
railroad corporations in Kansas for damages occa-
sioned by fire. Plaintiffs objected because the defend-
ant had not specifically pleaded this section of the Kan-
sas fire act. There is no substance in this objection.
From the paragraph of the petition which we have
quoted it is clear that plaintiffs sought to recover
under the Kansas act rather than the Missouri act.
The petition cannot be read without such a construc-
tion. If plaintiffs were in fact relying upon the Kan-
sas act and basing their suit thereon, then they can-
not rely upon the law of the forum. That they were
relying upon the Kansas act is made clear in their
petition by the specific pleading of one section of such
act. They cannot reasonably urge that they can re-
cover as to one element of their damages under the
Kansas act pleaded in the petition and under the law
of the forum as to other matters. Having pitched
their line of battle on the Kansas act, they must be
confined thereto. Not only so, but having pleaded the
act, or at least a part of the act, the general denial
in the answer of the defendant was sufficient to raise
all issues in so far as they should be raised under the
Kansas fire act. When plaintiffs specifically pleaded
the Kansas act as they did, the case must be tried in
Missouri upon the liability or non-liability of the de-
fendant under that law, as such fact might be devel-
oped by the evidence. There was no error in permit-
ting the defendant to introduce this particular section

of the Kansas act (the law relied upon in the petition for a recovery) which would tend to defeat the action, and this could be done under the general denial. Had plaintiff not specially planted their rights under the Kansas act, the question might be serious. This point must be ruled against the plaintiffs.

II. The Kansas statute offered by defendant reads:

"In all actions against any railway company organized or doing business in this State, for damages by fire caused by the operating of said railroad, it shall be only necessary for the plaintiff in said action to establish the fact that said fire complained of was caused by the operating of said railroad, and the amount of his damages (which proof shall be prima-facie evidence of negligence on the part of said railroad); Provided, That in estimating the damages under this act, the contributory negligence of the plaintiff shall be taken into consideration."

A comparison of this statute with the Missouri statute shows a marked difference. The Kansas statute on the question of negligence of the railroad company does nothing more than shift the burden of proof. In other words, the plaintiff can show that a fire originated from an engine and that damage followed, and stop with his case. The statute at this point requires the defendant to step in and show that it had not been negligent. The ruling of the Kansas court upon the statute is clearly expressed in Railroad v. Gibson, 42 Kan. 34, the syllabus of which reads:

"*Damages Caused by Fire—Evidence—Burden of Proof.* In actions against railroad companies for damages caused by fire, under section 101, chapter 84, Comp. Laws of 1885, it is only necessary for the plaintiff to establish the fact that the fire complained of was caused by the operation of the road, and the amount of damages; and when it appeared from the

evidence that within a few minutes after a train passed, the fire originated that caused the damages, in two or three places close to the track, this evidence was sufficient to cast upon the railroad company the burden of showing that it was not the result of defective appliances, or of negligence of the employees of the company, that the fire escaped.''

The construction to our statute makes it much broader. Under our statute, the railroad companies using dangerous agencies are made insurers against fires which may be set out from their engines. [Mathews v. Railroad, 121 Mo. 298; Campbell v. Railroad, 121 Mo. 340; Matthews v. Railroad, 142 Mo. 645.]

We have practically eliminated the idea of the defense of no negligence. Such is not the reading of the Kansas statute, and such is not the construction placed on that statute by the Kansas court. Under the Kansas statute the railroad company had the clear right to rebut the prima-facie case by showing that there was no negligence in fact. That statute proceeds more upon the theory of cases where there is a fiduciary relation shown, or where the doctrine *res ipsa loquitur* prevails. It does not eliminate the defense of no negligence, but does shift the burden. So in the case at bar, when we have held that the Kansas fire act applies, and the Missouri act does not apply, the case is really determined. Instructions given and refused were either given or refused on the theory that the Kansas law governed. Under that law the rulings upon instructions were well enough. Under the Missouri law, and the construction we have given it, these rulings would be wrong. Concluding as we have that plaintiffs' case is bottomed upon the Kansas act and that the Kansas law was properly admitted in evidence, there is nothing left to this case.

Let the judgment be affirmed. All concur.