JOHN J. PRICE, Respondent, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Appellant.

Springfield Court of Appeals, November 14, 1914.

1. INSTRUCTIONS: Facts Not in Dispute: Assumptions. It is not error to assume as true a fact about which there is no conflict in the evidence or which, having been once proven, the parties thereafter treat as being true.

2. ———: Assuming Facts: Review of Instructions. Action against a railroad company for destruction of a mill by fire alleged to have been communicated by defendant's passing engine. Instructions complained of by appellant set out and examined and *held* not erroneous as assuming controverted facts.

3. RAILROADS: Fires: Destruction of Property Along Right of Way: Insurance: Defenses. A railroad is practically an insurer of property along its right of way against destruction by fire communicated by its locomotives. And it does not change the liability because the owner of the property pays for and collects insurance thereon. (Citing Sec. 3151, R. S. 1909).

4. ———: ———: ———: Conduct of Plaintiff: Defenses. In an action against a railroad company for destruction of a mill by fire alleged to have been communicated by defendant's passing engine, the fact that plaintiff negligently left the windows of the mill open, thereby rendering the communicating of fire more easy, is not a defense.

5. INSTRUCTIONS: Declaring Legal Effect of Evidence. It is always proper for the court to declare to the jury the legal effect of the facts in proof.

6. ———: Commenting on Evidence. In an action against a railroad company for destruction of plaintiff's mill by fire communicated by defendant's passing engine, instructions covering defenses raised by the evidence, though not pleaded that plaintiff had left the windows of his mill open and that he had collected insurance on the mill, set out, examined and considered not erroneous as an improper comment on the evidence.

Appeal from Jasper County Circuit Court, Division Number Two.—*Hon. David E. Blair,* Judge.

Price v. Railroad.

AFFIRMED.

J. F. *Green* and A. E. *Spencer* for appellant.

(1) Instruction number 2, given on behalf of plaintiff, is erroneous because it assumes that a fire destroyed the property, and further assumes that the property destroyed belonged to the plaintiff. These were all issues in the case raised by the pleading, and the jury should have been required to determine these questions, and it was not proper for the court to assume in instructions the above stated facts. Stanley v. Railroad, 112 Mo. App. 601; Haynor v. Excelsior, etc., Co., 129 Mo. App. 691; Crowe v. Railroad, 212 Mo. 589; Christian v. McDonnell, 127 Mo. App. 630; Muncy v. City, 124 Mo. App. 10, 38 Cyc. 1657-1661, and note 56. (2) Instruction number 3, given on behalf of plaintiff is erroneous because it is an improper comment upon the evidence and calls undue attention to particular facts involved in the evidence and gives undue prominence thereto. Weil v. Schwartz, 21 Mo. App. 372; Swink v. Anthony, 96 Mo. App. 420; Pace v. Roberts, etc., Co., 103 Mo. App. 662; Shanahan v. Transit Co., 109 Mo. App. 228; Stanley v. Railroad, 112 Mo. App. 601; Simmons Hdw. Co. v. Fighting the Flames Co., 135 Mo. App. 266; Landrum v. Railroad, 132 Mo. App. 717; Miller v. Marks, 20 Mo. App. 369; Bogie v. Nolan, 96 Mo. 85; Railroad v. Lowitz, 218 Ill. 24, 75 N. E. 755. (3) The instruction was also erroneous because it presented to the jury an issue not raised by the pleadings. Grout v. Railroad, 151 Mo. App. 330; Woods v. Railroad, 188 Mo. 229; Browning v. Railroad, 118 Mo. App. 449; Degonia v. Railroad, 224 Mo. 564; Cotner v. Railroad, 220 Mo. 284; Black v. Railroad, 217 Mo. 685; Ludwig v. Cooperage Co., 156 Mo. App. 117; Dillender v. Lester, 155 Mo. App. 558; Eames v. Insurance Co., 134 Mo. App. 331; Christian v. Life Ins. Co., 143 Mo.

185MoApp28

460; Heinzle v. Railroad, 182 Mo. 528; Gordon v. Park, 202 Mo. 236; Barton v. Barton, 119 Mo. App. 507; Dunn v. Nicholson, 117 Mo. App. 374; Bond v. Sanford, 134 Mo. App. 477.

*I. V. McPherson, J. A. Potter* and *Fyke & Snyder* for respondent.

(1) Where the evidence is conflicting as to any material fact in litigation, an instruction which assumes the existence of such fact is erroneous, but where there is an assumption of a fact in an instruction, as proved, when the evidence is all one way as to such fact, it is not reversible error for the instruction to assume it. Bertram v. Railroad, 154 Mo. 639; Schmidt v. Railroad, 163 Mo. 645; Ragan v. Railroad, 144 Mo. 623; Walker v. City of Kansas, 99 Mo. 647. (2) Instruction number 3, is not an improper comment upon the evidence. It is not proper to state an abstract proposition of law in an instruction without making its application to the appropriate facts. It is always proper for the court to declare to the jury the legal effect of the facts in proof. The very purpose of instructions is to advise the jury as to the legal effect of the evidence. Tyler v. Hall, 106 Mo. 133. (3) To group together a series of facts of which there is evidence, and tell the jury that such facts, if shown, will or will not constitute fatal negligence is not error. Fleisch v. Ins. Co., 58 Mo. App. 596. Milling Co. v. McWilliams, 121 Mo. App. 319; Turner v. Snyder, 139 Mo. App. 656; Lloyd v. L. I. M. S. Co., 128 Mo. 595; Wells v. Electric Co., 108 Mo. App. 607.

STURGIS, J.—The plaintiff recovered judgment in this case for $5200, because of the alleged destruction of his mill by fire communicated to it by one of defendant's locomotive engines. The only error complained of by appellant is in the instructions given for

plaintiff and no extended statement of the facts is necessary. The mill was burned at night. It was situated fifty-four feet south of the center of defendant's track in the village of Hoberg, Missouri. The fire was discovered shortly after a freight train of about thirty cars had passed going east. The mill in question was situated near the top of a grade going in that direction. This grade was such that engines had to use much steam in pulling freight trains up the same and this was shown to have frequently caused burning cinders to be thrown out by engines for a distance equal to that of the mill from the track. The weather was very dry at the time, causing fires to be easily started. The engineer operating the engine on the freight train mentioned says that he noticed this mill as he passed it shortly before the fire and that he discovered no fire about it at that time. The building was a two story frame structure and the fire when discovered was in the upper story.

The point contested at the trial was as to whether the fire destroying the mill was communicated thereto by this passing locomotive or originated in some other manner unknown. No other origin of the fire is suggested. The plaintiff's evidence tends to show that the wind at the time the fire started was blowing in a southerly direction and would, therefore, carry the burning cinders thrown out by the engine towards this mill. The defendant's evidence shows the wind was blowing towards the north and would carry such cinders away from the mill. Most of the evidence of both parties was directed to this point. The appellant states its position thus: "There was a sharp conflict in the evidence. If plaintiff's witnesses were believed, the most that can be said is that plaintiff made a prima facie case. If the witnesses for defendant were believed, the fire could not have been communicated to the mill by an engine on defendant's railroad. This was therefore

peculiarly a case where the court in giving instructions to the jury should not have assumed the existence of any controverted fact, and should not have commented upon the evidence or directed the attention of the jury to issues not presented by the pleadings.'' Defendant is to be commended in conceding that plaintiff made a prima facie case under the rulings of our courts. [Erhart v. Railroad, 136 Mo. App. 617, 118 S. W. 657; Campbell v. Railroad, 121 Mo. 340, 350, 25 S. W. 936.]

All the instructions asked by defendant were given, and, as indicating its views of the issues presented, told the jury that: ''Before you can find for the plaintiff you must find and believe from the evidence introduced before you that the mill burned, and that the fire was communicated by a locomotive engine in use upon the railroad of defendant, and unless you so find your verdict must be for the defendant,'' and that the burden was on the plaintiff to prove these facts.

The instructions given for plaintiff, which are criticised, are these:

''2. The court instructs the jury that in order to entitle the plaintiff to recover it is not necessary to prove by direct evidence, that the fire which destroyed his property was communicated thereto by an engine being operated on defendant's railroad track through Hoberg but if the jury is reasonably satisfied from all the facts and circumstances detailed in evidence that the fire was communicated to plaintiff's said property by such engine then you ought to find a verdict for the plaintiff.''

''3. Even if the jury shall find and believe from the evidence that the windows or any of them in the upper story of the plaintiff's mill were left open by the plaintiff, if the jury also find that the fire which burned plaintiff's said mill caught from sparks that fell inside the same through said windows, so left open, from a locomotive being run and operated on the de-

fendant's railroad, then the fact that said windows were left open by the plaintiff will not defeat his right to recover, but you should find a verdict for him for the full, reasonable value of the said mill and its contents, if said mill and contents were completely destroyed.''

''4. The court further instructs the jury, that the fact plaintiff may have had insurance upon the property in question and that he thereafter received certain moneys on account of the said insurance, such amount so received by the plaintiff, if any, cannot go to diminish the amount of the plaintiff's claim. And if you find the said mill and its contents was set on fire by sparks communicated thereto from a locomotive being operated on defendant's railroad, defendant is liable to plaintiff for burning said mill and its contents, and if you so find you should find for the plaintiff and allow him the full amount of the injury done to his property without considering and without regard to any amount of insurance money he may have received.''

Both the second and third instructions are criticised because assuming as true controverted facts, to-wit, that the mill was destroyed by fire and that it was owned by plaintiff. These, however, are not controverted facts on this record—they were proven and not controverted by any evidence. Defendant's witnesses testified to the destruction of the mill by fire just as positively as did plaintiff's; and, after plaintiff proved his ownership of the mill, the defendant assumed that fact as being true and examined its own witnesses as to the circumstances of the *burning* of ''Price's mill.'' It is not error to assume as true a fact about which there is no conflict in the evidence, or which having been once proved the parties thereafter treat as being true. [Bertram v. Railroad, 154 Mo. 639, 654, 55 S. W. 1040; Stanley v. Railroad, 112 Mo. App. 601, 609, 87

S. W. 112; Schmidt v. Railroad, 163 Mo. 645, 655, 63 S. W. 834.]

The third and fourth instructions, above quoted, are criticised as raising issues not presented by the pleadings. It is true the defendant did not plead as a defense the negligence of plaintiff in leaving open the windows of the mill with easily inflammable materials near the same. This fact came into the case in this way: The plaintiff naturally and properly proved these and other facts to show that it was possible and probable for the mill to take fire from the sparks thrown by the passing engine. On cross-examination, the defendant asked questions and elicited answers calculated to impress the jury that it was largely plaintiff's own fault in doing this that the mill was burned. As to plaintiff collecting insurance on his burned mill, that was injected into the case under defendant's answer alleging that plaintiff held a policy of insurance on the property providing that on payment of the same the insurance company would become subrogated to plaintiff's rights against third parties, and that plaintiff had in fact assigned his rights to the insurance company and, therefore, such company was a necessary party plaintiff. This defense was proven only to the extent of showing the insurance of this property and its payment to plaintiff in an amount much less than the value of the property as sued for here. It is apparent, therefore, that these collateral issues were largely, if not wholly, injected into the case by defendant's submarines.

That the facts thus put before the jury do not constitute defenses to this action and that the instructions are correct declarations of law to that effect, is not questioned. Railroads are, by statute, practically insurers of property along their right of way against destruction by fire communicated by their locomotives; and it does not change their liability because the owner

of burned property pays for and collects insurance elsewhere. [Section 3151, R. S. 1909; Matthews v. Railroad, 142 Mo. 645, 44 S. W. 802; Campbell v. Railroad, 121 Mo. 340, 25 S. W. 936; Mathews v. Railroad, 121 Mo. 298, 24 S. W. 591.]

It is generally true that the instructions should not broaden the issues made by the pleadings or present issues not raised thereby. This general rule, however, has its qualifications. The jury is not supposed to know, and in practice does not in fact know, the issues raised by the pleadings, except in the most general way, when viewed from a legal standpoint. To them all the evidence introduced, unless excluded by the court, is to be considered as having a bearing on the case. It is, therefore, proper to limit, explain and declare the legal effect of particular evidence by the instructions. "It is always proper for the court to declare to the jury the legal effect of the facts in proof. The very purpose of instructions is to advise the jury as to the legal effect of the evidence." [Tyler v. Hall, 106 Mo. 313, 323, 17 S. W. 319.] "To group together a series of facts, of which there is evidence, and tell the jury that such facts, if shown, will or will not constitute fatal negligence, is not error." [Fleisch v. Ins. Co., 58 Mo. App. 596, 607; Wells v. Electric Co., 108 Mo. App. 607, 613, 84 S. W. 204.] Nor can instructions of this character be condemned as an improper comment on the evidence.

We hold that these instructions were proper under the facts of this case and, the case having been properly tried, the judgment of the trial court is affirmed. *Robertson, P. J.,* concurs. *Farrington, J.,* concurs.